■ In the Matter of GREGORY FELDER, Appellant, v E. W. JONES, as Superintendent of Great Meadow Correctional Facility, Respondent. — Kane, J. Appeal from a judgment of the Supreme Court at Special Term (Cerrito, J.), entered March 1, 1984 in Washington County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to annul a determination of a Superintendent's proceeding finding petitioner guilty of violating certain disciplinary rules.

Petitioner was charged in a misbehavior report with possession of a weapon and contraband. In said report, Correction Officer Michael West stated that during a search of petitioner's cell, he discovered a "homemade weapon approx. 13 inches long * * * [and] one 6½ inch canopener [sic] and one pair of grey gym shorts". Attached to the report was a photocopy of the weapon.

At the ensuing Superintendent's proceeding, petitioner admitted possession of the shorts and can opener, but denied possession of the weapon. After reviewing the evidence, the hearing officer found petitioner guilty upon all charges. Specifically, in making his determination, the hearing officer relied on the misbehavior report prepared by West and the photocopy of the weapon. This CPLR article 78 proceeding was then commenced. Special Term confirmed the determination and this appeal ensued.

Petitioner first contends that he was denied adequate assistance of his employee assistant because such assistant was a subordinate of the hearing officer. This argument must be rejected since there is no requirement that the reasons for the appointment of a particular hearing officer be placed on the record (see, 7 NYCRR subpart 251-4, 253.4, 254.1; Matter of Gonzales v LeFevre, 105 AD2d 909), petitioner voiced no objection to his assistant or the hearing officer at his hearing (see, Matter of Collazo v Wilmot, 75 AD2d 655, 656), and he did not raise this issue before Special Term. Moreover, we find that the assistant fully complied with his duties (see, 7 NYCRR 251-4.2).

Next, petitioner contends that there is no substantial evidence to sustain the charges against him. Here, the decision of the hearing officer was made based upon a misbehavior report, which was authored by a correction officer who had direct knowledge of the information contained therein. Contrary to petitioner's contention, this report, together with the photocopy of the weapon in issue, provided substantial evidence to support the finding that petitioner had possessed a weapon in his cell

(*see, Matter of Burgos v Coughlin,* 108 AD2d 194). The judgment must, therefore, be affirmed.

Judgment affirmed, without costs. Mahoney, P. J., Kane, Casey and Weiss, JJ., concur; Levine, J., concurs in a separate memorandum.

Levine, J. (concurring). Since the Court of Appeals in *Matter of Garcia v LeFevre* (64 NY2d 1001) did not reach the dispositive issue in the instant case, the position of the majority in our *Garcia* decision (102 AD2d 1004) still controls. Therefore, I am constrained to concur.