■ In the Matter of ANTONIO HUMPHRIES, Petitioner, v THOMAS COUGHLIN, as Commissioner of the New York State Department of Corrections, Respondent.—Weiss, J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court at Special Term, entered in Clinton County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, an inmate at Clinton Correctional Facility, was charged in a misbehavior report with striking another inmate, one Favors, with a sock filled with rocks. In his report, Correction Officer John Gillen stated that upon observing the altercation, he ordered petitioner to "stop and stand still at which point [petitioner] started to run". At the ensuing Superintendent's proceeding, petitioner denied any involvement in the incident and explained that Gillen was chasing an unidentified inmate through the crowded prison yard when he mistakenly "picked out" petitioner as the assailant. Two inmate witnesses corroborated petitioner's assertions, but neither actually witnessed the assault. Gillen, however, testified that he had "no doubt" as to petitioner's identity. Based on Gillen's written report and testimony, the hearing officer found petitioner guilty on all charges. Such finding was affirmed on administrative appeal and petitioner commenced this CPLR article 78 proceeding to challenge the determination.

Initially, petitioner maintains that he was denied the right to call two inmate witnesses, J. Johnson and C. Bray, whom he ostensibly requested an opportunity to produce (*see,* 7 NYCRR 254.5). A review of the record, however, confirms that no such request was made, either prior to or during the hearing. The only two witnesses that petitioner requested to have testify on his behalf did so testify. In any event, having failed to raise this issue at the hearing, petitioner may not now be heard to complain (*see, Matter of Geddes v Wilmot,* 111 AD2d 474; *Matter of Guzman v Coughlin,* 90 AD2d 666).

Nor is there any support in the record for petitioner's assertion that Favors testified outside petitioner's presence in violation of his right to due process (*see, Matter of Garcia v LeFevre,* 64 NY2d 1001; *Matter of Burke v Coughlin,* 97 AD2d 862, 863). In fact, there is nothing in the record to indicate that Favors, who was hospitalized with a fractured cheekbone, gave any testimony whatsoever during this proceeding.

Petitioner's contention that he was denied adequate employee assistance is also without substance. The record shows

that Correction Officer G. Rodriguez was appointed at petitioner's request and that no objections were voiced as to the assistance rendered. This being the case, petitioner waived any objections to the quality of assistance received (*see, Matter of Felder v Jones*, 111 AD2d 472; *Matter of Newman v Coughlin*, 110 AD2d 981).

Finally, the misbehavior report and oral testimony of Gillen provided substantial evidence to support the determination that petitioner had violated the disciplinary rules in question (*see, Matter of Burgos v Coughlin*, 108 AD2d 194). That Gillen's testimony conflicted with that of petitioner and his witnesses merely presented a credibility issue for resolution by the hearing officer (*supra; see, Matter of Gonzales v Le-Fevre*, 105 AD2d 909; *Matter of Witherspoon v LeFevre*, 82 AD2d 959, 960, *appeal dismissed* 54 NY2d 829).

Determination confirmed, and petition dismissed, without costs. Mahoney, P. J., Kane, Main, Casey and Weiss, JJ., concur.