■ In the Matter of MELVIN JOHNSON, Appellant, v EVERETT W. JONES, JR., as Superintendent of Great Meadow Correctional Facility, Respondent.—Weiss, J. Appeal from a judgment of the Supreme Court at Special Term (Mercure, J.), entered February 15, 1985 in Washington County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review two determinations of respondent which found petitioner guilty of violating certain prison rules.

Petitioner was served with a misbehavior report following discovery of cocaine in a search of his cell. In a second misbehavior report, he was accused of refusing to submit to a drug test, use of narcotics and refusal to obey a direct order. Following a hearing, the charges of refusing to submit to a drug test and use of narcotics were dismissed, but petitioner was found guilty of refusing to promptly obey a direct order and possession of a controlled substance. Punishment imposed included time in the special housing unit, loss of good time and loss of privileges.

Petitioner's initial contention is that the failure to call the correction officers who wrote the reports to testify at the hearings was a denial of his due process rights. We find the claim to be without merit. First, the record shows that petitioner did not call for the appearance of the correction officers as witnesses. Nor is there any requirement that the hearing officer obtain testimony from the officers who wrote the misbehavior reports *(see, People ex rel. Vega v Smith,* 66 NY2d 130). The written reports suffice if they are sufficiently relevant and probative to enable a reasonable mind to accept them as adequate to support the administrative determination *(supra,* pp 139-140; *see, Matter of Perez v Wilmot,* 67 NY2d 615; *300 Gramatan Ave. Assoc. v State Div. of Human Rights,* 45 NY2d 176). We find the reports at issue sufficiently detailed to meet the required standard.

Since the hearing officer dismissed the charges of failing to submit to a drug test and the use of narcotics, petitioner's challenges to the propriety of those charges need not be discussed.

Petitioner's final contention is that because portions of tape recordings of the hearings are unclear or inaudible, he has been deprived of his right to judicial review. Having failed to raise this issue at Special Term, petitioner may not now be heard to complain for the first time upon this appeal *(see, Matter of Humphries v Coughlin,* 112 AD2d 561; *see also, Matter of Geddes v Wilmot,* 111 AD2d 474).

Judgment affirmed, without costs. Kane, J. P., Casey, Weiss, Mikoll and Levine, JJ., concur.