■ In the Matter of BURNELL HENDRICKS, Petitioner, v STATE OF NEW YORK DEPARTMENT OF CORRECTIONAL SERVICES, Respondent.—Yesawich, Jr., J. Proceeding pursuant to CPLR article 78 (transferred to this court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, an inmate at Elmira Correctional Facility in Chemung County, was charged with violating three institutional rules: engaging in conduct which disturbs the order of any part of the facility (rule 104.13), disobeying a direct order (rule 106.10), and physically or verbally obstructing or interfering with an employee (rule 107.10). According to the misbehavior report, the correction officer making the report advised petitioner, who was on his way to the mess hall for dinner, that he would not be allowed to visit the law library that evening unless he had been placed on the "evening master call out" list. According to the report, petitioner then became argumentative, verbally abusive and began screaming, prompting a group of inmates to form and side with petitioner. The disturbance purportedly held up the mess hall for approximately 10 minutes. During the occurrence petitioner allegedly ignored repeated orders to return to his cell and instead proceeded toward the mess hall.

At the tier III disciplinary hearing, petitioner pleaded not guilty to the charges and argued that the incident was fabricated. He maintained that in response to his inquiry regarding access to the law library, the correction officer responded "if your *[sic]* not on the master call out you can't go that's it now get your ass out of here". As stated by petitioner, the entire exchange lasted no more than 15 to 20 seconds. Petitioner's version of the incident was corroborated by the testimony of an inmate and a written statement that was received into evidence and which he had obtained from another inmate witness.

The Hearing Officer credited the misbehavior report, ad-

judged petitioner guilty of all charges and sentenced petitioner to 30 days' keeplock with a corresponding loss of privileges. This determination was administratively affirmed whereupon petitioner initiated this CPLR article 78 proceeding, wherein he maintains that procedural errors tainted his disciplinary hearing.

There is merit to one of petitioner's contentions, namely, that he did not receive adequate help from his assigned assistant *(see generally,* 7 NYCRR 253.4, 251-4.2). Even accepting respondent's argument that the record does not affirmatively demonstrate that petitioner gave his assistant a written request for aid, the assistance selection form clearly discloses that petitioner specifically asked to have the assistant interview two inmate witnesses, from whom petitioner himself had obtained short written statements, and also the officer who escorted the chow line at the time of the incident. Nothing in the record suggests that the assistant interviewed any of the indicated individuals. In fact, petitioner explained at the hearing that he refused to sign the assistance selection form acknowledging that his assistant "interviewed witnesses and assisted as requested" because the assistant had done neither. Moreover, petitioner specifically informed the Hearing Officer that "amongh *[sic]* the things that [he had asked the assistant] to do was have the escort officer verify the fact that that *[sic]* there was no ten minute delay in the formation of the lines * * * to chow" as the charging correction officer had reported. Neither petitioner's assistant nor the Hearing Officer made any effort to locate this potential witness, who may have had exculpatory information.

As the record adequately demonstrates that petitioner received inadequate assistance and that correction officials failed to investigate and interview a known witness without explanation or reasonable excuse, the determination cannot stand *(see, Matter of Burke v Coughlin,* 97 AD2d 862, 863; *Matter of Martin v Coughlin,* 90 AD2d 946; *see also, Matter of Mercado v Kirk,* 118 AD2d 917, 919; *cf., Matter of Mason v LeFevre,* 115 AD2d 922, 923). Given our resolution of this issue, petitioner's remaining contentions need not be addressed.

Determination annulled, without costs, petition granted and respondent is directed to expunge all references to the matter from petitioner's records. Mahoney, P. J., Yesawich, Jr., Levine, Mercure and Harvey, JJ., concur.