■ In the Matter of JEFFREY LOWERY, Petitioner, v THOMAS COUGHLIN, III, as Commissioner of the Department of Correctional Services, Respondent.—Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of respondent which found petitioner guilty of violating certain prison disciplinary rules *(see,* 7 NYCRR 270.2).

Petitioner was found guilty of violations of State-wide rules 104.10 (rioting) and 109.11 (leaving an assigned area without authorization) as a result of his activities during an inmate uprising on May 28-29, 1991 at Southport Correctional Facility in Chemung County. In this proceeding, petitioner contends that the determination was not supported by substantial evidence and that procedural errors require annulment.

The misbehavior report states that petitioner was observed out of his assigned area during the incident, refused opportunities to leave the yard in question and was a "participant in the takeover of" the yard. Testimony by two correction offi-

cers, one of whom authored the report, confirmed that petitioner was loose in the yard during the incident and out of his assigned area. This evidence, coupled with petitioner's admission that he was out of his assigned area and the videotape evidence that the inmates uniformly departed from their exercise pens prior to the use of tear gas, provides substantial evidence to support both findings of guilt *(see, Matter of Williams v Coughlin,* 190 AD2d 883; *Matter of Hillard v Coughlin,* 187 AD2d 136). Further, the misbehavior report was sufficient to give petitioner notice of the nature of the charges against him *(see, Matter of Williams v Coughlin, supra,* at 886). In addition, petitioner failed to raise any issue as to the adequacy of the employee assistance at the hearing and thus waived that issue *(see, Matter of Felder v Jones,* 111 AD2d 472). In any event, petitioner was afforded adequate employee assistance. The fact that documentary evidence requested by petitioner was unavailable did not establish that the employee assistant failed to perform his duties *(see, Matter of Turner v Coughlin,* 162 AD2d 781). We also find that the hearing was timely completed. Nor was petitioner denied due process by respondent's failure to record a joint session of several Hearing Officers at which the videotape and photographs of the uprising were viewed *(see, Matter of Williams v Coughlin, supra,* at 886).

We do find, however, that the failure of the Hearing Officer to allow petitioner to view the videotape of the incident was error *(see, Matter of Hillard v Coughlin, supra,* at 140) and, further, that petitioner should have been provided with the diagram of the area of the facility in question and written memos concerning the incident that he had requested *(see, Matter of Hodges v Scully,* 141 AD2d 729). Therefore, the determination must be annulled and the matter remitted for a new hearing *(see, Matter of Hillard v Coughlin, supra; Matter of Taylor v Coughlin,* 190 AD2d 900; *Matter of Sabo v Racette,* 124 AD2d 920). In light of our decision, we do not reach petitioner's other arguments.

Weiss, P. J., Levine, Mercure, Mahoney and Harvey, JJ., concur. Adjudged that the determination is annulled, without costs, and matter remitted to respondent for further proceedings not inconsistent with this Court's decision.