■ In the Matter of RANDY VELASCO, Petitioner, v DONALD SELSKY, as Director of Special Housing Units, et al., Respondents. [621 NYS2d 725] —Casey, J. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County), to review a determination of respondent Director of Special Housing Units which found petitioner guilty of violating certain prison disciplinary rules.

We agree with petitioner that he was not given the meaningful assistance required by 7 NYCRR 251-4.2. Petitioner, who was involved in a fight with another inmate while leaving the television room, asked his employee assistant to interview other inmates in the television room at the time of the fight. At the hearing, petitioner objected to the assistance provided

to him and explained that the employee assistant had not interviewed anyone who was in the television room. He pointed out that although he was unable to provide any names, it would have been a simple matter for the employee to obtain the names from prison records. The Hearing Officer rejected petitioner's objection, concluding that the assistant was not required to do "detective work" to find out who was in the television room.

"An employee assistant is required to investigate any reasonable factual claim the inmate may make" *(Matter of Serrano v Coughlin,* 152 AD2d 790, 792 [citations omitted]). The employee assistant often has the mobility which the inmate lacks to gather evidence on his behalf *(see, Matter of Gunn v Ward,* 71 AD2d 856, *affd* 52 NY2d 1017). When the inmate is unable to provide names of potential witnesses, but provides sufficient information to allow the employee to locate the witnesses "without great difficulty", failure to make any effort to do so constitutes a violation of the meaningful assistance requirement *(Matter of Mallard v Dalsheim,* 97 AD2d 545, 546; *see, Matter of Hendricks v State of N. Y. Dept. of Correctional Servs.,* 165 AD2d 923, 924; *People ex rel. Selcov v Coughlin,* 98 AD2d 733, 734-735).

There is nothing in the record to demonstrate that the employee made any effort to locate the potential witnesses. Nor is there any evidence to suggest that the employee would not have been able to identify the inmates present in the television room at the time of the incident *(cf., Matter of Brown v Scully,* 110 AD2d 835). In contrast to the manner in which petitioner's request and objection were ignored, the employee assistant in *Matter of Reynoso v LeFevre* (199 AD2d 886, *lv denied* 83 NY2d 754) interviewed some, but not all, of the unnamed persons present in the law library at the time of the incident, and the Hearing Officer offered to look for more witnesses but the inmate did not accept the offer. We reject respondents' contention that petitioner was not prejudiced by the failure of the employee assistant to interview the potential witnesses. This is not a case where the potential witnesses actually testified at the hearing *(see, Matter of Serrano v Coughlin, supra).* Nor is there anything in the record to suggest that the testimony of the potential witnesses would have been redundant *(cf., Matter of Bryant v Mann,* 199 AD2d 676).

It is clear from the determination that the nature of petitioner's involvement in the fight was a critical factor. The misbehavior report described petitioner as an active and ag-

gressive combatant. Petitioner claimed that he merely acted in self-defense when the other inmate attacked him. It cannot be said that petitioner suffered no prejudice when his employee assistant failed to make any effort to locate and interview other inmates in the television room who had the opportunity to witness the incident (see, *People ex rel. Selcov v Coughlin, supra).* Based upon equitable considerations, we conclude that the proper remedy is to annul the determination and order expungement of all references to the matter from petitioner's records (see, *Matter of Hendricks v State of N. Y. Dept. of Correctional Servs., supra; see also, Matter of Hillard v Coughlin,* 187 AD2d 136, 140, *lv denied* 82 NY2d 651).

Cardona, P. J., Mercure, White and Peters, JJ., concur. Adjudged that the determination is annulled, without costs, petition granted and respondents are directed to expunge all references to the matter from petitioner's records.