■ In the Matter of Nelson Contrera, Petitioner, v Philip Coombe, Jr., as Commissioner of the New York State Department of Correctional Services, et al., Respondents. [654 NYS2d 197] —Mikoll, J. P. Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Greene County) to review two determinations of respondent Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

Petitioner, a State prison inmate, was charged in two misbehavior reports with violating six prison disciplinary rules. The first report was based on petitioner's alleged attempt to as-

sault another inmate with a chair. The second report was based on a search of petitioner's "cube" while petitioner was confined in the special housing unit on the first misbehavior report. The search allegedly revealed a piece of sharp metal encased in molten plastic and scotch tape. After two separate hearings, petitioner was found guilty of all of the charges. The findings of guilt were affirmed on administrative appeal although the recommended penalty for the second misbehavior report was modified. Petitioner commenced this proceeding seeking to annul both determinations.

Initially, we agree with respondents' concession that the evidence did not support the finding of guilt on the first misbehavior report as to the charge of refusing a direct order. Nevertheless, there is substantial evidence in the record to support the findings of guilt both with respect to the remaining charges of violent conduct and fighting, as well as the charges in the second misbehavior report, that is, possessing a weapon, possessing contraband and smuggling. With respect to the first misbehavior report, it was authored by the correction officer who was involved in the incident and his testimony fully corroborated the allegations of the report (*see, Matter of Ruffin v Coombe*, 233 AD2d 729). To the extent that petitioner's testimony and that of his inmate witnesses was in conflict with the correction officer's version of events, that merely raised a credibility issue for the Hearing Officer to resolve (*see, Matter of Lee v McCoy*, 233 AD2d 633). With regard to the second misbehavior report, we find it "sufficiently relevant and probative" by itself to support the findings of guilt (*Matter of Perez v Wilmot*, 67 NY2d 615, 616-617).

Petitioner also contends that he did not effectively waive his right to an employee assistant. In rejecting this argument, we note that petitioner indicated on his employee assistance forms that he waived his right to such assistance (*see, Matter of Mabry v Coughlin*, 191 AD2d 892). In addition, at each hearing he specifically acknowledged the waivers and made no request for assistance (*cf., supra; see also, Matter of Lowery v Coughlin*, 190 AD2d 945, *lv denied* 82 NY2d 651). We also note that by failing to raise the issue that his cell was improperly searched at the hearing or on the administrative appeal, petitioner has waived such contentions (*see, Matter of Valentine v Coughlin*, 200 AD2d 838). In any event, a review of the record reveals that the search was in all respects proper. Finally, with respect to the first misbehavior report, insofar as the disciplinary penalty has already been served and there was no recommended loss of good time, the matter need not be remitted for

administrative reconsideration of the penalty imposed (*see, Matter of Eastman v Mann*, 212 AD2d 923).

Mercure, Crew III, Yesawich Jr. and Peters, JJ., concur. Adjudged that the determination on misbehavior report dated June 22, 1994 is modified, without costs, by annulling so much thereof as found petitioner guilty of violating prison disciplinary rule 106.10 (7 NYCRR 270.2 [B] [7] [i]); respondents are directed to expunge from petitioner's institutional record all references thereto; and, as so modified, confirmed. Adjudged that the determination on misbehavior report dated June 23, 1994 is confirmed, without costs.