■ In the Matter of TIM SHARPE, Petitioner, v PHILIP COOMBE, JR., as Acting Commissioner of New York State Department of Correctional Services, Respondent. [656 NYS2d 984] —Determination unanimously modified on the law and as modified confirmed without costs and matter remitted to respondent for further proceedings in accordance with the following Memorandum: Petitioner commenced this proceeding to annul respondent's determination, after a Tier III hearing, that he possessed a controlled substance in violation of inmate rule 113.12 (7 NYCRR 270.2 [B] [14] [iii]) and that he possessed drug paraphernalia in violation of the same rule. There is no merit to his contention that results of the Becton-Dickinson NIK tests were improperly admitted into evidence. Respondent

submitted the required documents for admission of that evidence (*see*, 7 NYCRR 1010.5), and the officers who authored those documents testified at the hearing, thereby rendering harmless the alleged minor discrepancies on various documents (*see, Matter of Zito v Coombe*, 231 AD2d 792; *Matter of Melette v Berry*, 181 AD2d 950, 951, *lv dismissed* 80 NY2d 1022). Likewise without merit is the contention that petitioner was denied a fair hearing because, prior to the hearing, respondent cancelled a family reunion visit. The visit was cancelled by the Deputy Superintendent of Security in accordance with established procedure, and the action of that official does not establish that the Hearing Officer prejudged guilt before the disciplinary process began.

We conclude, however, that petitioner was denied his right to disclosure of the manufacturer's instructions and other documents relating to performance of the Becton-Dickinson NIK tests and that, by additionally preventing petitioner from questioning the officer who performed the tests concerning the procedures he employed, respondent denied petitioner his right to call witnesses and to present a defense. An inmate "should be allowed to call witnesses and present documentary evidence in his defense when permitting him to do so will not be unduly hazardous to institutional safety or correctional goals" (*Wolff v McDonnell*, 418 US 539, 566). To justify withholding documents relevant to the defense, prison officials must articulate the institutional safety or inmate privacy concerns that warrant nondisclosure (*Matter of Hillard v Coughlin*, 187 AD2d 136, 140, *lv denied* 82 NY2d 651). A conclusory statement that a document will not be disclosed or that certain testimony cannot be obtained for security or confidentiality reasons is not sufficient unless it is supported by the record (*see, Matter of Marquez v Mann*, 192 AD2d 100, 103; *Matter of Porter v Cuomo*, 191 AD2d 852, 853). We discern no basis for withholding disclosure of the manufacturer's instructions or for precluding petitioner from questioning the witness about his performance of the tests. Ordinarily, the results of drug tests constitute substantial evidence that an inmate possessed the drug and, to defend against such a charge, the inmate must show some defect in the testing procedure (*see, Matter of McGill v Coughlin*, 182 AD2d 1103; *Matter of Darnell v Kuhlmann*, 145 AD2d 852). The documents and testimony sought by petitioner were relevant, and respondent's conduct denied him the opportunity to present a defense. Thus, we annul the finding that petitioner possessed a controlled substance and direct that all records pertaining to that charge be expunged (*see, Matter of Lopez v Coombe*, 229 AD2d 639; *Matter of Adams v Coughlin*, 202 AD2d 1055).

Because the ability of petitioner to defend against the charge that he possessed drug paraphernalia was not impaired by the nondisclosure of documents or the restriction upon questioning the witness, we confirm the finding that petitioner possessed drug paraphernalia in violation of inmate rule 113.12 (7 NYCRR 270.2 [B] [14] [iii]). Because one penalty was imposed for both violations and this Court cannot dissect what part of the penalty is for the finding that we confirm, the penalty is vacated, and the matter is remitted to respondent for imposition of an appropriate penalty on the charge sustained (see, *Matter of Brooks v Coughlin*, 182 AD2d 1115). (CPLR art 78 Proceeding Transferred by Order of Supreme Court, Cayuga County, Corning, J.) Present—Denman, P. J., Green, Balio, Boehm and Fallon, JJ.