█ In the Matter of TERRENCE MAYBANKS, Petitioner, v GLENN S. GOORD, as Commissioner of New York State Department of Correctional Services, Respondent. [761 NYS2d 566] —CPLR article 78 proceeding transferred to this Court by an order of Supreme Court, Wyoming County (Dadd, J.), entered December 10, 2002, seeking review of a determination after a Tier III hearing.

It is hereby ordered that the determination be and the same hereby is unanimously modified on the law by granting the petition in part and annulling that part of the determination finding that petitioner violated inmate rule 105.12 (7 NYCRR 270.2 [B] [6] [iii]) and as modified the determination is confirmed without costs, and respondent is directed to expunge from petitioner's institutional record all references thereto.

Memorandum: Petitioner contends, and respondent correctly concedes, that the determination that he violated inmate rule 105.12 (7 NYCRR 270.2 [B] [6] [iii]), prohibiting unauthorized organizational activities, is not supported by substantial evidence. We conclude, however, that there is substantial evidence to support the determination that petitioner violated inmate rule 104.11 (7 NYCRR 270.2 [B] [5] [ii]), prohibiting violent conduct or conduct involving the threat of violence. The misbehavior report, together with a videotape of an incident showing that petitioner refused to comply with orders, yelled obscenities and threats at the staff and others, and pounded his fist against the plexiglass window of a holding room at the entrance to the Special Housing Unit, constitutes substantial evidence supporting the determination that petitioner violated that inmate rule (*see People ex rel. Vega v Smith,* 66 NY2d 130, 139 [1985]). We reject the further contention of petitioner that he was denied his right to a fair hearing before a neutral and detached hearing officer. The record establishes that petitioner was permitted to testify at length with respect to his defense that the allegations in the misbehavior reports were the result of fabrication and conspiracy on the part of correction officers, and the Hearing Officer resolved the credibility issue in favor of the statements made by the correction officers in the misbehavior reports (*see generally Matter of Foster v Coughlin,* 76 NY2d 964, 966 [1990]). Thus, we modify the determination by granting the petition in part and annulling that part of the determination finding that petitioner violated inmate rule 105.12, and we direct respondent to expunge from petitioner's institutional record all references thereto. Because the penalty has been served, there is no need to remit the matter to respondent for administrative reconsideration of the penalty imposed (*see Matter of Contrera v Coombe,* 236 AD2d 661, 662-663 [1997]). Present—Green, J.P., Wisner, Scudder, Kehoe and Burns, JJ.