■■ In the Matter of MARIO STACCHINI, Petitioner, v GARY FILION, as Superintendent of Marcy Correctional Facility, Respondent. [761 NYS2d 911] —CPLR article 78 proceeding transferred to this Court by an order of Supreme Court, Oneida County (Siegel, J.), entered January 8, 2003, seeking review of a determination after a Tier III hearing.

It is hereby ordered that the determination be and the same hereby is unanimously modified on the law by granting the petition in part and annulling that part of the determination finding that petitioner violated inmate rule 180.17 (7 NYCRR 270.2 [B] [26] [vii]) and as modified the determination is

confirmed without costs, and respondent is directed to expunge from petitioner's institutional record all references thereto.

Memorandum: Respondent concedes that the determination that petitioner violated inmate rule 180.17 (7 NYCRR 270.2 [B] [26] [vii] [providing legal assistance to another inmate without prior approval]) is not supported by substantial evidence. However, petitioner admitted that he violated inmate rule 113.16 (7 NYCRR 270.2 [B] [14] [vii] [possessing money and unauthorized valuables]) and thus his present challenge to the sufficiency of the evidence of guilt supporting that charge is precluded (*see Matter of Fuller v Goord*, 299 AD2d 849 [2002]). We therefore modify the determination by granting the petition in part and annulling that part of the determination finding that petitioner violated inmate rule 180.17, and we direct respondent to expunge from petitioner's institutional record all references thereto. Because the penalty has already been served, there is no need to remit the matter to respondent for administrative reconsideration of the penalty imposed (*see Matter of Maybanks v Goord,* 306 AD2d 839 [2003]; *Matter of Contrera v Coombe,* 236 AD2d 661, 662-663 [1997]). Present—Pigott, Jr., P.J., Green, Wisner, Burns and Gorski, JJ.