■ In the Matter of Shane Peek, Petitioner, v Robert Dennison, as Chairman of New York State Division of Parole, Respondent. [835 NYS2d 783]—

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Monroe County [Harold L. Galloway, J.], dated October 26, 2006) to review a determination of respondent. The determination, after a hearing, revoked petitioner's parole.

It is hereby ordered that the determination be and the same hereby is unanimously confirmed without costs and the petition is dismissed.

Memorandum: Petitioner commenced this proceeding pursuant to CPLR article 78 seeking review of the determination revoking his parole. We reject petitioner's contention that respondent improperly denied him a preliminary hearing. Contrary to the contention of petitioner, he was not entitled to a preliminary hearing pursuant to Executive Law § 259-i (3) (c) (i) inasmuch as he had been convicted upon his plea of guilty of a new crime (*see id.*; *People ex rel. Johnson v Russi*, 258 AD2d 346, 347 [1999], *appeal dismissed and lv denied* 93 NY2d 945 [1999]). To the extent that petitioner became eligible for a preliminary hearing when he withdrew his plea on March 10, 2004, he should have raised that issue at the first appearance for the final revocation hearing on March 18, 2004, at which time the Hearing Officer would have "had an opportunity of effectively" addressing the matter (CPL 470.05 [2]; *see generally People ex rel. Martinez v New York State Bd. of Parole*, 56 NY2d 588, 590 [1982]). His failure to do so renders this issue unpreserved for our review, and we further note that petitioner failed to exhaust his administrative remedies with respect to this issue (*see generally Matter of Shapard v Zon*, 30 AD3d 1098 [2006]). The determination that petitioner violated the conditions of his parole is supported by substantial evidence (*see Matter of Mosley v Dennison*, 30 AD3d 975, 976 [2006], *lv denied* 7 NY3d 712 [2006]; *Matter of Westcott v New York State Bd. of Parole*, 256 AD2d 1179, 1180 [1998]). Contrary to the contention of petitioner, he was not found guilty solely on the basis of inadmissible hearsay. Rather, the inculpatory statements made by petitioner to his parole officer were admissible under the exception to the hearsay rule for party admissions (*see People v Thomas*, 300 AD2d 1034, 1035 [2002], *lv denied* 99 NY2d 633 [2003]). Nor do we agree with petitioner that the 15-month time assessment against him was excessive in light of the mitigating evidence that he presented (*see* 9 NYCRR 8005.20 [c] [1] [vi]). We have examined petitioner's remaining contentions and conclude that they are lacking in merit. Present—Hurlbutt, J.P., Gorski, Smith, Fahey and Green, JJ.