In the Matter of JOSEPH GRAY, Appellant, v ROBERT A. KIRKPATRICK, Superintendent, Wende Correctional Facility, Respondent. [873 NYS2d 816]—

Appeal from a judgment (denominated order) of the Supreme Court, Erie County (Russell P. Buscaglia, A.J.), entered April 12, 2007 in a proceeding pursuant to CPLR article 78. The judgment dismissed the petition.

It is hereby ordered that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner commenced this proceeding pursuant to CPLR article 78 seeking to expunge the determination that he violated two inmate rules. We conclude that Supreme Court properly dismissed the petition. We agree with petitioner that there was a violation of 7 NYCRR 251-4.2 based on the failure of his two employee assistants to interview requested witnesses and to collect requested documentary evidence (*see Matter of Burgess v Selsky*, 50 AD3d 1347 [2008]; *see also Matter of Velasco v Selsky*, 211 AD2d 953, 954 [1995]). Nevertheless, we conclude that "[t]he Hearing Officer remedied any alleged defect in the prehearing assistance by ensuring that petitioner was offered all [relevant] documentation which he requested, ensured that petitioner's many objections were addressed, [and] exercised considerable patience in allowing petitioner to develop the record" (*Matter of Amaker v Selsky*, 43 AD3d 547, 547

[2007], *lv denied* 9 NY3d 814 [2007]; *see Matter of Parkinson v Selsky*, 49 AD3d 985, 986 [2008]; *cf. Velasco*, 211 AD2d 953 [1995]).

We reject the further contention of petitioner that he was denied the right to call two witnesses, in violation of 7 NYCRR 253.5. The testimony of an inmate concerning petitioner's mental health status was properly excluded because the Hearing Officer previously had conducted a confidential interview with an employee from the Office of Mental Health, and thus any additional testimony concerning petitioner's mental health status would have been redundant (*see Matter of Allah v Leclaire*, 51 AD3d 1173 [2008]). In addition, the testimony of one of petitioner's employee assistants was properly excluded because it "would have been irrelevant to the charges against petitioner" (*Matter of Daum v Goord*, 274 AD2d 715, 716 [2000]).

Contrary to the contention of petitioner, he was not entitled to copies of various documents pursuant to 7 NYCRR 1010.5. The Hearing Officer permitted petitioner to review the documents during the course of the hearing, and we thus cannot conclude that petitioner was denied "his right to disclosure" (*Matter of Sharpe v Coombe*, 237 AD2d 980, 981 [1997]). Also contrary to petitioner's contentions, the results of the drug tests were admissible (*cf. Matter of Sanchez v Hoke*, 116 AD2d 965, 966 [1986]), and the misbehavior report was sufficiently specific pursuant to 7 NYCRR 251-3.1 (*see Matter of Dingle v Goord*, 244 AD2d 938 [1997]).

Although petitioner is correct that there are gaps in the hearing transcript, we conclude that those gaps " 'do not preclude meaningful review of petitioner's contentions, and petitioner has not demonstrated that he was prejudiced thereby' " (*Matter of Redmond v Goord*, 6 AD3d 1207, 1208 [2004]; *see Matter of Grigger v Goord*, 288 AD2d 892 [2001], *lv denied* 97 NY2d 610 [2002]). We also reject petitioner's contention that the hearing was not timely commenced pursuant to 7 NYCRR 253.6 (a), which requires that "the hearing may not be held until 24 hours after the assistant's initial meeting with the inmate." Although petitioner met with one of the two employee assistants less than 24 hours prior to commencement of the hearing, we conclude that the regulation was not violated inasmuch as he met with the other employee assistant eight days prior to commencement of the hearing (*see generally Matter of Govan v Goord*, 22 AD3d 928 [2005]). Finally, petitioner's remaining contention is based on materials outside the record on appeal and thus is not properly before us (*see generally Matter of Prudential Prop. &*

*Cas. Ins. Co. v Ambeau*, 19 AD3d 999, 1000 [2005]). Present—Scudder, P.J., Hurlbutt, Fahey, Peradotto and Pine, JJ.