■ In the Matter of BRYAN R. HAWKINS, Petitioner, v BRIAN FISCHER, Commissioner, New York State Department of Correctional Services, Respondent. [899 NYS2d 775]—

Proceeding pursuant to CPLR article 78 (transferred to the

Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Seneca County [Dennis F. Bender, A.J.], entered October 23, 2009) to review a determination of respondent. The determination found after a tier III hearing that petitioner violated various inmate rules.

It is hereby ordered that the determination is unanimously modified on the law and the petition is granted in part by annulling that part of the determination finding that petitioner violated inmate rule 113.14 (7 NYCRR 270.2 [B] [14] [iv]) and as modified the determination is confirmed without costs, and respondent is directed to expunge from petitioner's institutional record all references to the violation of that rule.

Memorandum: As respondent correctly concedes in this CPLR article 78 proceeding commenced by petitioner inmate, the determination that petitioner violated inmate rule 113.14 (7 NYCRR 270.2 [B] [14] [iv] [prohibiting, inter alia, the possession of unauthorized medication]), is not supported by substantial evidence. We conclude, however, that there is substantial evidence to support the determination that petitioner violated inmate rules 106.10 (7 NYCRR 270.2 [B] [7] [i] [refusing to obey a direct order]) and 116.10 (7 NYCRR 270.2 [B] [17] [i] [inter alia, damaging or losing state property]). The misbehavior report, together with the hearing testimony of petitioner and a nurse, constituted substantial evidence that petitioner violated those inmate rules by refusing to move away from his cell door after repeatedly being directed to do so, and by then flushing down the toilet materials from a medicine wrapper after being directed not to do so (see Matter of Foster v Coughlin, 76 NY2d 964, 966 [1990]; People ex rel. Vega v Smith, 66 NY2d 130, 139 [1985]). We therefore modify the determination and grant the petition in part by annulling that part of the determination finding that petitioner violated inmate rule 113.14, and we direct respondent to expunge from petitioner's institutional record all references to the violation of that rule. Because the penalty has been served and there was no recommended loss of good time, there is no need to remit the matter to respondent for administrative reconsideration of the penalty imposed (see Matter of Contrera v Coombe, 236 AD2d 661, 662-663 [1997]). Present—Smith, J.P., Fahey, Carni, Sconiers and Pine, JJ.