# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1163
CA 13-00101
PRESENT: SCUDDER, P.J., FAHEY, PERADOTTO, LINDLEY, AND VALENTINO, JJ.

---

IN THE MATTER OF TERRENCE JONES,
PETITIONER-APPELLANT,

V                                           MEMORANDUM AND ORDER

BRIAN FISCHER, COMMISSIONER, NEW YORK STATE
DEPARTMENT OF CORRECTIONS AND COMMUNITY
SUPERVISION, RESPONDENT-RESPONDENT.

---

WYOMING COUNTY-ATTICA LEGAL AID BUREAU, WARSAW (ADAM W. KOCH OF
COUNSEL), FOR PETITIONER-APPELLANT.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (MARCUS J. MASTRACCO OF
COUNSEL), FOR RESPONDENT-RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Wyoming County (Mark
H. Dadd, A.J.), entered July 5, 2012 in a proceeding pursuant to CPLR
article 78. The judgment, inter alia, denied the amended petition.

It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed without costs.

Memorandum: Petitioner commenced this CPLR article 78 proceeding
seeking to annul the determination, following a tier III disciplinary
hearing, that he violated various inmate rules. We conclude that
Supreme Court properly denied the amended petition. Contrary to the
contention of petitioner, the inmate misbehavior reports provided him
with adequate notice of the charges as required by 7 NYCRR 251-3.1
(c). The misbehavior reports contained a written specification of the
particulars of the alleged incidents of misbehavior; a reference to
the inmate rule numbers allegedly violated by petitioner and a
description of those rules; and the date, time, and place of the
alleged incidents (*see id.*). The misbehavior reports were therefore
sufficiently specific to enable petitioner to prepare a defense (*see
Matter of Gray v Kirkpatrick*, 59 AD3d 1092, 1093; *Matter of Dingle v
Goord*, 244 AD2d 938, 938).

Petitioner failed to preserve for our review his contention that
the Hearing Officer improperly took unrecorded testimony from a
correction officer outside of petitioner's presence inasmuch as he
"failed to object at the hearing to the Hearing Officer's alleged off-
the-record investigation" (*Matter of Martinez v Johnson*, 255 AD2d 967,
967; *see Matter of Britt v Evans*, 100 AD3d 1408, 1409). In any event,
that contention is without merit (*see generally Matter of Abdur-Raheem*

*v Mann*, 85 NY2d 113, 124).  Contrary to petitioner's further contention, even assuming, arguendo, that there was a violation of 7 NYCRR 251-4.2 based on the failure of petitioner's employee assistant to obtain requested evidence and to interview a certain witness, we conclude that the Hearing Officer remedied any alleged defect in the prehearing assistance by obtaining a copy of the evidence and taking the testimony of the witness at the hearing (*see Matter of Melendez v Berbary*, 89 AD3d 1524, 1525, *lv denied* 19 NY3d 804; *Gray*, 59 AD3d at 1092-1093).

Finally, contrary to petitioner's further contention, due process does not require that the Hearing Officer obtain testimony from the correction officers who wrote the misbehavior reports (*see People ex rel. Vega v Smith*, 66 NY2d 130, 141; *Matter of Johnson v Jones*, 119 AD2d 906, 906).

Entered:  November 8, 2013                        Frances E. Cafarell
                                                  Clerk of the Court