■ In the Matter of MELVIN MOORE, Appellant, v BRIAN FISCHER, Commissioner, New York State Department of Corrections and Community Supervision, Respondent. [988 NYS2d 833]— Appeal from a judgment of the Supreme Court, Wyoming County (Mark H. Dadd, A.J.), entered May 6, 2013 in a CPLR article 78 proceeding. The judgment confirmed the determination of respondent and dismissed the petition.

It is hereby ordered that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner, an inmate at Attica Correctional Facility, commenced this CPLR article 78 proceeding seeking to

annul the determination, following a tier II disciplinary hearing, that he violated inmate rules 102.10 (7 NYCRR 270.2 [B] [3] [i]) and 104.11 (7 NYCRR 270.2 [B] [5] [ii]) by threatening another inmate with violence. Petitioner failed to preserve for our review his contention that the hearing officer engaged in an off-the-record conversation with a witness for respondent (*see Matter of Jones v Fischer*, 111 AD3d 1362, 1363 [2013]; *Matter of Martinez v Johnson*, 255 AD2d 967, 967 [1998]). In any event, petitioner has not established that any such off-the-record conversation took place. Petitioner also failed to preserve his further contention that the hearing officer deprived him of his right to call witnesses at the disciplinary hearing, and we note, moreover, that petitioner did not exhaust his administrative remedies with respect to that contention (*see Matter of Peek v Dennison*, 39 AD3d 1239, 1240 [2007], *appeal dismissed* 9 NY3d 860 [2007]). In any event, that contention is belied by the record. Finally, we note that petitioner has abandoned his contention, raised in the petition, that the determination is not supported by substantial evidence (*see generally Ciesinski v Town of Aurora*, 202 AD2d 984, 984 [1994]). Present—Scudder, P.J., Fahey, Peradotto, Lindley and Sconiers, JJ.