# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**791**
**CA 13-01044**
PRESENT: SCUDDER, P.J., FAHEY, PERADOTTO, LINDLEY, AND SCONIERS, JJ.

---

IN THE MATTER OF MELVIN MOORE,
PETITIONER-APPELLANT,

               V                              MEMORANDUM AND ORDER

BRIAN FISCHER, COMMISSIONER, NEW YORK STATE
DEPARTMENT OF CORRECTIONS AND COMMUNITY
SUPERVISION, RESPONDENT-RESPONDENT.

---

WYOMING COUNTY-ATTICA LEGAL AID BUREAU, WARSAW (ADAM W. KOCH OF
COUNSEL), FOR PETITIONER-APPELLANT.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (PETER H. SCHIFF OF
COUNSEL), FOR RESPONDENT-RESPONDENT.

---------------------------------------------------------------------------------------------------------

    Appeal from a judgment of the Supreme Court, Wyoming County (Mark
H. Dadd, A.J.), entered May 6, 2013 in a CPLR article 78 proceeding.
The judgment confirmed the determination of respondent and dismissed
the petition.

    It is hereby ORDERED that the judgment so appealed from is
unanimously affirmed without costs.

    Memorandum: Petitioner, an inmate at Attica Correctional
Facility, commenced this CPLR article 78 proceeding seeking to annul
the determination, following a tier II disciplinary hearing, that he
violated inmate rules 102.10 (7 NYCRR 270.2 [B] [3] [i]) and 104.11 (7
NYCRR 270.2 [B] [5] [ii]) by threatening another inmate with violence.
Petitioner failed to preserve for our review his contention that the
hearing officer engaged in an off-the-record conversation with a
witness for respondent (*see Matter of Jones v Fischer*, 111 AD3d 1362,
1363; *Matter of Martinez v Johnson*, 255 AD2d 967, 967). In any event,
petitioner has not established that any such off-the-record
conversation took place. Petitioner also failed to preserve his
further contention that the hearing officer deprived him of his right
to call witnesses at the disciplinary hearing, and we note, moreover,
that petitioner did not exhaust his administrative remedies with
respect to that contention (*see Peek v Dennison*, 39 AD3d 1239, 1240,
*appeal dismissed* 9 NY3d 860). In any event, that contention is belied
by the record. Finally, we note that petitioner has abandoned his
contention, raised in the petition, that the determination is not
supported by substantial evidence (*see generally Ciesinski v Town of*

*Aurora*, 202 AD2d 984, 984).