■ In the Matter of ARRELLO BARNES, Appellant, v ANTHONY ANNUCCI, Acting Commissioner, New York State Department of Corrections and Community Supervision, Respondent. [32 NYS3d 804]—Appeal from a judgment of the Supreme Court, Wyoming County (Michael M. Mohun, A.J.), entered December 1, 2014 in a CPLR article 78 proceeding. The judgment dismissed the amended petition.

It is hereby ordered that the judgment so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner, an inmate in state prison, commenced this proceeding pursuant to CPLR article 78 seeking to annul the determination that he violated inmate rule 105.13 (7 NYCRR 270.2 [B] [6] [iv]), which prohibits the possession of gang-related material. The charge was based on letters containing gang-related references that had been sent to petitioner. We reject petitioner's contention that the Hearing Officer was biased against him and thus that he was deprived of his right to an impartial hearing officer. Petitioner was afforded ample opportunity to present his defense, which was that he only recently received the letters in the mail and did not have time to destroy them before they were found in his cell by a correction officer. "[T]he fact that the Hearing Officer rejected petitioner's testimony is not indicative of bias, nor is there anything in the record supporting petitioner's claim that the determination flowed from any alleged bias" (*Matter of Bekka v Annucci*, 137 AD3d 1446, 1447 [2016]; *see Matter of Jay v Fischer*, 118 AD3d 1364, 1364 [2014], *lv denied* 24 NY3d 975 [2014]). We have reviewed petitioner's remaining contentions and conclude that they lack merit. Present—Centra, J.P., Peradotto, Lindley, DeJoseph and Curran, JJ.