# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**47**

**TP 16-01143**

PRESENT: WHALEN, P.J., SMITH, PERADOTTO, DEJOSEPH, AND CURRAN, JJ.

---

IN THE MATTER OF PATRICK JEANTY, PETITIONER,

V                                                                    MEMORANDUM AND ORDER

HAROLD GRAHAM, SUPERINTENDENT, AUBURN
CORRECTIONAL FACILITY, RESPONDENT.

---

PATRICK JEANTY, PETITIONER PRO SE.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (MARCUS J. MASTRACCO OF
COUNSEL), FOR RESPONDENT.

---

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Cayuga County [Thomas G. Leone, A.J.], entered June 27, 2016) to review a determination of respondent. The determination found after a tier II hearing that petitioner had violated various inmate rules.

It is hereby ORDERED that the determination so appealed from is unanimously modified on the law and the petition is granted in part by annulling those parts of the determination finding that petitioner violated inmate rules 107.10 (7 NYCRR 270.2 [B] [8] [i]) and 107.11 (7 NYCRR 270.2 [B] [8] [ii]), and as modified the determination is confirmed without costs, and respondent is directed to expunge from petitioner's institutional record all references to the violation of those inmate rules.

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination, following a tier II disciplinary hearing, that he violated various inmate rules. As respondent correctly concedes, those parts of the determination finding that petitioner violated inmate rules 107.10 (7 NYCRR 270.2 [B] [8] [i] [interference with employee]) and 107.11 (7 NYCRR 270.2 [B] [8] [ii] [harassment]) are not supported by substantial evidence. We therefore modify the determination and grant the petition in part by annulling those parts of the determination finding that petitioner violated those inmate rules, and we direct respondent to expunge from petitioner's institutional record all references to the violation of those rules. "Because the penalty has already been served and there was no recommended loss of good time, there is no need to remit the matter to respondent for reconsideration of the penalty" (*Matter of Reid v Saj*, 119 AD3d 1445, 1446).

Contrary to petitioner's contention, those parts of the determination finding that he violated inmate rules 106.10 (7 NYCRR 270.2 [B] [7] [i] [refusal to obey order]) and 115.10 (7 NYCRR 270.2 [B] [16] [i] [refusal to comply with search or frisk]) are supported by substantial evidence (*see People ex rel. Vega v Smith*, 66 NY2d 130, 139-140; *Matter of Green v Sticht*, 124 AD3d 1338, 1339, *lv denied* 26 NY3d 906; *cf. Matter of Jones v Fischer*, 139 AD3d 1219, 1219-1220). Petitioner's testimony that he did not commit the alleged violations and that the charges were brought against him in retaliation for an earlier dispute "merely presented an issue of credibility that the Hearing Officer was entitled to resolve against him" (*Green*, 124 AD3d at 1339; *see Matter of Foster v Coughlin*, 76 NY2d 964, 966; *Matter of Maybanks v Goord*, 306 AD2d 839, 840).

We reject petitioner's remaining contentions. "[T]he record does not establish that the Hearing Officer was biased or that the determination flowed from the alleged bias" (*Matter of Trapani v Annucci*, 117 AD3d 1473, 1474 [internal quotation marks omitted]; *see Matter of Barnes v Annucci*, 140 AD3d 1779, 1779), the gaps in the hearing transcript "do not preclude meaningful review of petitioner's contentions" (*Matter of Gray v Kirkpatrick*, 59 AD3d 1092, 1093 [internal quotation marks omitted]; *cf. Matter of Baez v Bezio*, 77 AD3d 745, 746, *lv dismissed* 16 NY3d 752), and petitioner has not established that the Hearing Officer conducted an improper off-the-record investigation (*see generally Matter of Jones v Fischer*, 111 AD3d 1362, 1363). Inasmuch as petitioner failed to contend in his administrative appeal that the Hearing Officer improperly declined to admit a misbehavior report against another inmate in evidence, he did not exhaust his administrative remedies with respect to that contention, and we have no discretionary authority to reach it (*see generally Matter of Sabino v Hulihan*, 105 AD3d 1426, 1426). Finally, even assuming, arguendo, that petitioner's challenge to the determination as arbitrary and capricious was adequately raised in his administrative appeal (*cf. Matter of Colon v Fischer*, 83 AD3d 1500, 1502), we conclude that it lacks merit (*see generally Matter of Johnson v Goord*, 280 AD2d 998, 998).

Entered:  February 3, 2017                    Frances E. Cafarell
                                              Clerk of the Court