Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Seneca County [Dennis F. Bender, A.J.], entered April 25, 2017) to annul a determination, after a tier III hearing, that petitioner had violated various inmate rules.
 

 It is hereby ordered that the determination is unanimously confirmed without costs and the petition is dismissed.
 

 Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination, following a tier III disciplinary hearing, that he violated various inmate rules, including rule 100.11 (7 NYCRR 270.2 [B] [1] [ii] [assaulting a staff member]) and rule 104.11 (7 NYCRR 270.2 [B] [5] [ii] [engaging in violent conduct]). Petitioner contends that the Hearing Officer improperly denied his request to call two inmate witnesses and a witness from the Office of Mental Health and failed to provide him with the reasons for that denial. Contrary to petitioner’s contention, the Hearing Officer provided written reasons for the denial and read those reasons into the record. With respect to the two inmate witnesses, petitioner waived any claim that he was denied his right to call those witnesses when he stated at the hearing that he had “no problem” with the Hearing Officer’s determination that their testimony would be redundant (see Matter of Dixon v Brown, 62 AD3d 1223, 1224 [3d Dept 2009], lv denied 13 NY3d 704 [2009]; Matter of Vigliotti v Duncan, 10 AD3d 776, 777 [3d Dept 2004], lv dismissed 4 NY3d 738 [2004]). We conclude that the Hearing Officer did not err in denying petitioner’s request to call the remaining witness because “the record establishes that the Hearing Officer had already conducted a confidential interview with an Office of Mental Health [employee] who, with the benefit of all of petitioner’s records, provided information pertaining to petitioner’s mental health status. Under [such] circumstances, the Hearing Officer properly found that any testimony by petitioner’s requested witness would have been redundant” (Matter of Allah v Leclaire, 51 AD3d 1173, 1174 [3d Dept 2008]; see Matter of Gray v Kirkpatrick, 59 AD3d 1092, 1093 [4th Dept 2009]). Although petitioner also contends that he was improperly denied the right to confront the employee who provided the information to the Hearing Officer, he did not raise that contention on his administrative appeal. He thus failed to exhaust his administrative remedies with respect to that contention, “and we have no discretionary authority to reach it” (Matter of Jeanty v Graham, 147 AD3d 1323, 1325 [4th Dept 2017]; see generally Matter of Nelson v Coughlin, 188 AD2d 1071, 1071 [4th Dept 1992], appeal dismissed 81 NY2d 834 [1993]).
 

 Petitioner further contends that the Hearing Officer failed to consider his mental health status at the time of the incident. It is well settled that, “in the context of a prison disciplinary proceeding in which the prisoner’s mental state is at issue, a Hearing Officer is required to consider evidence regarding the prisoner’s mental condition” (Matter of Huggins v Coughlin, 76 NY2d 904, 905 [1990]; see 7 NYCRR 254.6 [b]). Here, the record establishes that the Hearing Officer considered evidence with respect to petitioner’s mental health, and there is substantial evidence in the record supporting the Hearing Officer’s determination that petitioner’s mental health status did not absolve him of his guilt of the rule violations (see generally People ex rel. Vega v Smith, 66 NY2d 130, 139 [1985]).
 

 Contrary to petitioner’s further contention, there is no indication in the record that “the determination of the Hearing Officer was influenced by [any] bias against petitioner. ‘The mere fact that the Hearing Officer ruled against . . . petitioner is insufficient to establish bias’ ” (Matter of Wade v Coombe, 241 AD2d 977, 977 [4th Dept 1997]; see Matter of Edwards v Fischer, 87 AD3d 1328, 1329 [4th Dept 2011]). Petitioner’s admission to violating rule 100.11 precludes him from challenging the sufficiency of the evidence with respect to that charge (see Matter of Williams v Annucci, 133 AD3d 1362, 1363 [4th Dept 2015]). In any event, we conclude that the misbehavior report, video recording of the incident, confidential testimony, and petitioner’s admission that he committed the acts underlying the charges constitute substantial evidence of petitioner’s guilt of all of the rule violations (see generally Matter of Foster v Coughlin, 76 NY2d 964, 966 [1990]; Vega, 66 NY2d at 140). Petitioner’s testimony and the testimony of the inmate witnesses merely raised issues of credibility that the Hearing Officer was entitled to resolve against petitioner (see Foster, 76 NY2d at 966).
 

 Finally, petitioner contends that the penalty imposed was excessive. Inasmuch as he failed to raise that contention in his administrative appeal, he “ ‘thereby failed to exhaust his administrative remedies!,] and this Court has no discretionary power to reach that issue’ ” (Matter of Jay v Fischer, 118 AD3d 1364, 1364-1365 [4th Dept 2014], appeal dismissed 24 NY3d 975 [2014]).
 

 Present—Centra, J.P., Peradotto, Lindley, NeMoyer and Troutman, JJ.