Clark v Annucci (2019 NY Slip Op 01892)





Clark v Annucci


2019 NY Slip Op 01892


Decided on March 15, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CARNI, J.P., LINDLEY, NEMOYER, CURRAN, AND TROUTMAN, JJ.


69 TP 18-01378

[*1]IN THE MATTER OF JAHMEL CLARK, PETITIONER,
v
ANTHONY ANNUCCI, ACTING COMMISSIONER, NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, RESPONDENT. 






WYOMING COUNTY-ATTICA LEGAL AID BUREAU, WARSAW (LEAH R. NOWOTARSKI OF COUNSEL), FOR PETITIONER.
BARBARA D. UNDERWOOD, ATTORNEY GENERAL, ALBANY (MARTIN A. HOTVET OF COUNSEL), FOR RESPONDENT. 


 Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Wyoming County [Michael M. Mohun, A.J.], entered July 30, 2018) to review a determination of respondent. The determination found after a tier III hearing that petitioner had violated various inmate rules. 
It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.
Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination, following a tier III hearing, that he violated various inmate rules. Contrary to petitioner's contention, the misbehavior reports, hearing testimony, documentary evidence, and video evidence constitute substantial evidence supporting the determination that petitioner violated the applicable inmate rules (see generally Matter of Foster v Coughlin, 76 NY2d 964, 966 [1990]; Matter of Jones v Annucci, 141 AD3d 1108, 1108-1109 [4th Dept 2016]).
Although we agree with petitioner that there was a violation of
7 NYCRR 251-4.2 based on the failure of his employee assistant to interview witnesses and to collect requested documentary and video evidence (see Matter of Gray v Kirkpatrick, 59 AD3d 1092, 1092 [4th Dept 2009]), we conclude that " [t]he Hearing Officer remedied any alleged defect in the prehearing assistance' " by obtaining that evidence and reviewing it with petitioner and by having relevant inmate witnesses interviewed and obtaining statements from them reflecting that they refused to testify at the hearing (id.; see also Matter of Jones v Fischer, 111 AD3d 1362, 1363 [4th Dept 2013]). Moreover, petitioner has not demonstrated that he was prejudiced by any of the employee assistant's shortcomings (see Matter of Coleman v Goord, 39 AD3d 1048, 1048 [3d Dept 2007]).
We also reject petitioner's contentions that he was denied his right to call certain witnesses and that the Hearing Officer did not sufficiently inquire into why the inmate witnesses refused to testify. The Hearing Officer obtained the list of inmates who were involved in the relevant callout and attempted to secure their testimony, but they each refused to testify. Petitioner's contention that the Hearing Officer was required to make a further inquiry into the inmates' respective refusals is unpreserved because petitioner failed to raise an objection on that ground at the hearing (see Matter of Blackwell v Goord, 5 AD3d 883, 885 [3d Dept 2004], lv denied 2 NY3d 708 [2004]). In any event, that contention lacks merit. An inmate's right to present witnesses is violated when there has been "no inquiry at all into the reason for the witness's refusal to testify, without regard to whether the inmate previously agreed to testify" (Matter of Hill v Selsky, 19 AD3d 64, 66 [3d Dept 2005]). "When the refusing witness gives no [*2]reason for the refusal, but that witness did not previously agree to testify, an inquiry by the hearing officer through a correction officer adequately protects the inmate's right to call witnesses" (id.). Here, there is no indication that any of the relevant inmate witnesses had previously agreed to testify at the hearing, and the Hearing Officer dispatched a correction officer, who ascertained that the relevant witnesses were unwilling to testify either because they did not want to become involved in the hearing or because they lacked relevant information. Additionally, the Hearing Officer properly denied petitioner's request to call non-inmate witnesses for the purpose of supporting petitioner's retaliation claim inasmuch as their testimony would have been redundant to information contained in the documentary evidence (see generally Matter of Inesti v Rizzo, 155 AD3d 1581, 1582 [4th Dept 2017]). Thus, petitioner was not deprived of his right to present witnesses.
Contrary to petitioner's further contention, the record does not establish " that the Hearing Officer was biased or that the determination flowed from the alleged bias' " (Matter of Colon v Fischer, 83 AD3d 1500, 1501 [4th Dept 2011]; see Matter of Rodriguez v Herbert, 270 AD2d 889, 890 [4th Dept 2000]).
Entered: March 15, 2019
Mark W. Bennett
Clerk of the Court