People v Relyea
2026 NY Slip Op 03573
June 5, 2026
Appellate Division, Fourth Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MICHAEL J. RELYEA, DEFENDANT-APPELLANT.

Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department
Decided on June 5, 2026
368 KA 25-00189
Present: Lindley, J.P., Curran, Ogden, Greenwood, And Delconte, JJ.

HAYDEN M. DADD, CONFLICT DEFENDER, GENESEO (BRADLEY E. KEEM OF COUNSEL), FOR DEFENDANT-APPELLANT.
ASHLEY J. WILLIAMS, DISTRICT ATTORNEY, GENESEO (BRANDY L. SHAFER OF COUNSEL), FOR RESPONDENT.

Appeal from a judgment of the Livingston County Court (Jennifer M. Noto, J.), rendered November 7, 2024. The judgment revoked defendant's sentence of probation and imposed a sentence of incarceration.
[*1]
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment revoking the sentence of probation imposed upon his conviction following his plea of guilty of failure to register as a sex offender (Correction Law
§§ 168-f, 168-t) and sentencing him to an indeterminate term of 1⅓ to 4 years' incarceration.
As an initial matter, defendant failed to preserve for our review his contention that County Court deprived him of the presumption of innocence by allowing him to wear jail-issued clothing when he appeared at the violation of probation hearing (see People v Douglas, 94 NY2d 807, 808 [1999]; People v Bailey, 181 AD3d 1243, 1245 [4th Dept 2020]; People v Irizarry, 160 AD3d 1384, 1385 [4th Dept 2018], lv denied 31 NY3d 1149 [2018]).
We reject defendant's contention that the People failed to establish by a preponderance of the evidence that he violated the terms and conditions of his probation (see People v Robinson, 147 AD3d 1351, 1351 [4th Dept 2017], lv denied 29 NY3d 1085 [2017]; People v Ortiz, 94 AD3d 1436, 1436 [4th Dept 2012], lv denied 19 NY3d 999 [2012]; People v Wells, 69 AD3d 1228, 1229 [3d Dept 2010]). The People presented uncontradicted testimony of defendant's probation officers that defendant, inter alia, admitted to searching the Internet to access pornography and other sexually graphic content and to using his cell phone after the monitoring software on it had been deactivated. Defendant admitted to committing multiple violations of the conditions of his probation to his probation officers (see Matter of Peek v Dennison, 39 AD3d 1239, 1240 [4th Dept 2007], appeal dismissed 9 NY3d 860 [2007]), and the violations were "[neither] de minimis nor a mere technicality" (People v Swick, 147 AD3d 1346, 1346 [4th Dept 2017], lv denied 29 NY3d 1001 [2017]; see People v Cummings, 134 AD3d 1566, 1566 [4th Dept 2015], lv denied 27 NY3d 995 [2016]). We thus conclude that there was the necessary " 'residuum of competent legal evidence' " that defendant violated a condition of his probation (Robinson, 147 AD3d at 1351; see People v Pringle, 72 AD3d 1629, 1630 [4th Dept 2010], lv denied 15 NY3d 855 [2010]).
Finally, we conclude that the sentence is not unduly harsh or severe.
Entered: June 5, 2026
Ann Dillon Flynn
Clerk of the Court