■ In the Matter of MIGUEL VASQUEZ, Petitioner, v GLENN S. GOORD, as Commissioner of New York State Department of Correctional Services, Respondent. [725 NYS2d 921] —Determination unanimously modified on the law and as modified confirmed without costs in accordance with the following Memorandum: Petitioner commenced this CPLR article 78 proceeding to challenge the determination, following a Tier III disciplinary hearing, that he violated inmate rules 103.20 (7 NYCRR 270.2 [B] [4] [ii] [soliciting money from non-family member]) and 180.17 (7 NYCRR 270.2 [B] [26] [vii] [providing unauthorized legal assistance to another inmate]). Respondent concedes that the determination that petitioner violated inmate rule 180.17 is not supported by substantial evidence. We therefore modify the determination and grant the petition in part by annulling the determination that petitioner violated inmate rule 180.17 (*see, Matter of Anderson v Goord,* 270 AD2d

836). Because it appears from the record that petitioner has already served his administrative penalty, the appropriate remedy with respect to the annulled charge is expungement (*see, Matter of Delgado v Hurlburt,* 279 AD2d 734, 735, n). Thus, we direct that all references to that charge be expunged from petitioner's institutional record. The determination that petitioner violated inmate rule 103.20 is supported by substantial evidence (*see generally, People ex rel. Vega v Smith,* 66 NY2d 130, 139). Although petitioner and the other inmate involved each testified that petitioner did not solicit payment from the inmate and that the money received from the inmate was a gift, that testimony raised an issue of credibility for the Hearing Officer to resolve (*see, Matter of Anderson v Goord, supra*). Because the other inmate involved testified in petitioner's favor at the hearing and the Hearing Officer asked the inmate questions posed by petitioner, petitioner has failed to demonstrate any prejudice resulting from his assistant's failure to interview the other inmate and report back to petitioner prior to the hearing (*see, Matter of Borrero v Goord,* 268 AD2d 853, 854). (CPLR art 78 Proceeding Transferred by Order of Supreme Court, Oneida County, Grow, J.) Present—Pigott, Jr., P. J., Wisner, Scudder, Kehoe and Burns, JJ.