■ In the Matter of CLARENCE GOURDINE, Petitioner, v GLENN S. GOORD, as Commissioner of New York State Department of Correctional Services, Respondent. [828 NYS2d 743]—

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Wyoming County [Mark H. Dadd, A.J.], entered August 11, 2006) to annul a determination of respondent. The determination found after a tier III hearing that petitioner violated various inmate rules.

It is hereby ordered that the determination be and the same hereby is unanimously modified on the law and the petition is granted in part by annulling that part of the determination finding that petitioner violated inmate rule 104.11 (7 NYCRR 270.2 [B] [5] [ii]) and as modified the determination is confirmed without costs, and respondent is directed to expunge from petitioner's institutional record all references to the violation of that rule.

Memorandum: Petitioner commenced this proceeding pursuant to CPLR article 78 seeking to annul the determination finding that he violated inmate rules 104.11 (7 NYCRR 270.2 [B] [5] [ii] [engaging in violent conduct]), 113.10 (7 NYCRR 270.2 [B] [14] [i] [possessing a weapon]) and 118.23 (7 NYCRR 270.2 [B] [19] [v] [not promptly reporting an injury]). As respondent correctly concedes, that part of the determination finding that petitioner violated inmate rule 104.11 is not supported by substantial evidence (*see generally People ex rel. Vega v Smith*, 66 NY2d 130, 139 [1985]). We therefore modify the determination and grant the petition in part by annulling that part of the determination finding that petitioner violated that rule, and we direct respondent to expunge from petitioner's institutional record all references to the violation of that rule inasmuch as it appears from the record that petitioner has already served his administrative penalty (*see Matter of Vasquez v Goord*, 284 AD2d 903 [2001]; *see also Matter of Redmond v Goord*, 6 AD3d 1207, 1208 [2004]).

We reject the contention of petitioner, however, that the determination finding that he violated inmate rules 113.10 and 118.23 is not supported by substantial evidence. The determination with respect to those rules is supported by the misbehavior report, the injury report, the testimony of the correction officer

who searched petitioner's cell and a photocopy of the weapon found in petitioner's cell (*see generally Vega*, 66 NY2d at 139). "The record does not support petitioner's contention that the Hearing Officer was biased or that the determination flowed from the alleged bias" (*Matter of Rodriguez v Herbert*, 270 AD2d 889, 890 [2000]). Present—Scudder, P.J., Hurlbutt, Gorski, Centra and Lunn, JJ.