■ In the Matter of CURTIS DAVIS, Petitioner, v GLENN S. GOORD, as Commissioner of New York State Department of Correctional Services, Respondent. [833 NYS2d 802]—

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Wyoming County [Mark H. Dadd, A.J.], entered November 20, 2006) to review a determination of respondent. The determination found after a tier III hearing that petitioner violated various inmate rules.

It is hereby ordered that the determination be and the same hereby is unanimously modified on the law and the petition is granted in part by annulling that part of the determination finding that petitioner violated inmate rule 180.11 (7 NYCRR 270.2 [B] [26] [ii]) and as modified the determination is confirmed without costs, and respondent is directed to expunge from petitioner's institutional record all references to the violation of that rule.

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination finding that he violated inmate rules 108.13 (7 NYCRR 270.2 [B] [9] [iv] [possession of any article or paraphernalia providing reasonable grounds to believe that escape is planned]) and 180.11 (7 NYCRR 270.2 [B] [26] [ii [compliance with correspondence procedures pursuant to 7 NYCRR parts 720, 721]). Contrary to the contention of petitioner, the detailed misbehavior report and his own admissions constitute substantial evidence supporting the determination finding that he possessed a magazine

article concerning prison escape and ordered equipment used to pick locks and to bypass security systems that was delivered to his attorney in New York City (*see generally People ex rel. Vega v Smith*, 66 NY2d 130, 139 [1985]).

We agree with petitioner, however, that the determination that he violated inmate rule 180.11 is not supported by substantial evidence. Although petitioner received a letter from "Sparky," believed by respondent to be a former inmate, there is no evidence that petitioner wrote to Sparky while Sparky was an inmate. Thus, there is no evidence that petitioner thereby violated that inmate rule by corresponding with an inmate without authorization (*see* 7 NYCRR 720.3 [b] [3]). There also is no evidence that he violated that inmate rule by sending "kited" mail, i.e., "written material in outgoing mail not specifically intended for the addressee identified on the exterior of the envelope" (7 NYCRR 720.3 [p]), inasmuch as the misbehavior report indicates only that he received mail. We therefore modify the determination and grant the petition in part by annulling that part of the determination finding that petitioner violated inmate rule 180.11 and, because it appears from the record that petitioner has served his administrative penalty, the appropriate remedy with respect to that charge is expungement. We therefore direct respondent to expunge from petitioner's institutional record all references to the violation of that rule (*see Matter of Gourdine v Goord*, 37 AD3d 1038 [2007]; *Matter of Vasquez v Goord*, 284 AD2d 903, 904 [2001]). Present—Scudder, P.J., Centra, Lunn, Peradotto and Pine, JJ.