■ In the Matter of FREDERICK MONROE, Petitioner, v BRIAN FISCHER, Commissioner, New York State Department of Correctional Services, Respondent. [930 NYS2d 330]—

It is hereby ordered that the determination so appealed from

is unanimously modified on the law and the petition is granted in part by annulling those parts of the determination finding that petitioner violated inmate rules 101.22 (7 NYCRR 270.2 [B] [2] [v]) and 107.10 (7 NYCRR 270.2 [B] [8] [i]) and vacating the recommended loss of good time and as modified the determination is confirmed without costs, respondent is directed to expunge from petitioner's institutional record all references to the violation of those rules, and the matter is remitted to respondent for further proceedings in accordance with the following memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination, following a tier III hearing, that he violated inmate rules 101.22 (7 NYCRR 270.2 [B] [2] [v] [stalking]), 107.10 (7 NYCRR 270.2 [B] [8] [i] [interference with an employee]), and 107.11 (7 NYCRR 270.2 [B] [8] [ii] [harassment]). As respondent correctly concedes, the determination with respect to inmate rules 101.22 and 107.10 is not supported by substantial evidence (*see generally People ex rel. Vega v Smith*, 66 NY2d 130, 139 [1985]). We conclude, however, that there is substantial evidence to support the determination with respect to inmate rule 107.11. The misbehavior report, together with the hearing testimony of a nurse, constituted substantial evidence that petitioner violated that inmate rule by "communicating messages of a personal nature to an employee" (7 NYCRR 270.2 [B] [8] [ii]; *see Matter of Foster v Coughlin*, 76 NY2d 964, 966 [1990]; *Vega*, 66 NY2d at 139). We therefore modify the determination and grant the petition in part by annulling those parts of the determination finding that petitioner violated inmate rules 101.22 and 107.10, and we direct respondent to expunge from petitioner's institutional record all references to the violation of those rules. Although there is no need to remit the matter to respondent for reconsideration of those parts of the penalty already served by petitioner, we note that there was also a recommended loss of good time, and the record does not reflect the relationship between the violations and that recommendation. We therefore further modify the determination by vacating the recommended loss of good time, and we remit the matter to respondent for reconsideration of that recommendation (*see Matter of Cross v Goord*, 2 AD3d 1425 [2003]). Present—Centra, J.P., Peradotto, Carni, Green and Gorski, JJ.