■ In the Matter of REGINALD McFADDEN, Petitioner, v ALBERT PRACK, Director, Special Housing/Inmate Disciplinary, Respondent. [940 NYS2d 744]—

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Cayuga County [Mark H. Fandrich, A.J.], entered September 22, 2011) to review a determination of respondent. The determination found after a tier III hearing that petitioner had violated various inmate rules.

It is hereby ordered that the determination is unanimously modified on the law and the petition is granted in part by annulling that part of the determination finding that petitioner violated inmate rule 113.27 (7 NYCRR 270.2 [B] [14] [xvii]) and vacating the recommended loss of good time and as modified the determination is confirmed without costs, respondent is directed to expunge from petitioner's institutional record all references to the violation of that inmate rule, and the matter is remitted to respondent for further proceedings in accordance with the following memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination, following a tier III disciplinary hearing, that he violated inmate rules 103.20 (7 NYCRR 270.2 [B] [4] [ii] [soliciting goods or ser-

vices]), 113.27 (7 NYCRR 270.2 [B] [14] [xvii] [soliciting, possessing or exchanging other inmate crime and sentence information]), 180.11 (7 NYCRR 270.2 [B] [26] [ii] [violating facility correspondence guidelines]), and 180.17 (7 NYCRR 270.2 [B] [26] [vii] [providing legal assistance to another inmate without prior approval]). We note at the outset that respondent correctly concedes that petitioner lacked adequate notice of the alleged violation of inmate rule 113.27. We therefore modify the determination and grant the petition in part by annulling that part of the determination that petitioner violated inmate rule 113.27, and we direct respondent to expunge from petitioner's institutional record all references to the violation of that inmate rule (*see generally Matter of Edwards v Fischer*, 87 AD3d 1328, 1330 [2011]). Inasmuch as it appears from the record that petitioner has already served his administrative penalty, the appropriate remedy is expungement of all references to the violation of that rule from his institutional record (*see Matter of Brown v Fischer*, 91 AD3d 1336, 1337 [2012]). We note, however, that there was also a recommended loss of good time, and the record does not reflect the relationship between the violations of the inmate rules and that recommendation. We therefore further modify the determination by vacating that recommendation, and we remit the matter to respondent for reconsideration of the recommended loss of good time (*see Matter of Cross v Goord*, 2 AD3d 1425, 1426 [2003]).

Contrary to petitioner's further contention, the determination that he violated the remaining inmate rules is supported by substantial evidence (*see generally People ex rel. Vega v Smith*, 66 NY2d 130, 139 [1985]). Petitioner failed to exhaust his administrative remedies with respect to his contention that respondent improperly intercepted letters addressed to him inasmuch as he failed to raise that contention at his tier III hearing, "and this Court has no discretionary authority to reach that contention" (*Matter of Fuentes v Fischer*, 89 AD3d 1468 [2011]; *see Matter of Nelson v Coughlin*, 188 AD2d 1071, 1071 [1992], *appeal dismissed* 81 NY2d 834 [1993]). We have reviewed petitioner's remaining contentions and conclude that they are without merit. Present—Scudder, P.J., Centra, Peradotto, Lindley and Martoche, JJ.