# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

526

TP 11-01795

PRESENT: CENTRA, J.P., PERADOTTO, SCONIERS, AND MARTOCHE, JJ.

---

IN THE MATTER OF ALBERTO RODRIGUEZ, PETITIONER,

V                                          MEMORANDUM AND ORDER

BRIAN FISCHER, COMMISSIONER, NEW YORK STATE
DEPARTMENT OF CORRECTIONAL SERVICES, RESPONDENT.

---

WYOMING COUNTY-ATTICA LEGAL AID BUREAU, WARSAW (ADAM W. KOCH OF
COUNSEL), FOR PETITIONER.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (PETER H. SCHIFF OF
COUNSEL), FOR RESPONDENT.

---

Proceeding pursuant to CPLR article 78 (transferred to the
Appellate Division of the Supreme Court in the Fourth Judicial
Department by order of the Supreme Court, Wyoming County [Mark H.
Dadd, A.J.], entered August 30, 2011) to review a determination of
respondent. The determination found after a Tier III hearing that
petitioner had violated various inmate rules.

It is hereby ORDERED that the determination so appealed from is
unanimously modified on the law and the petition is granted in part by
annulling that part of the determination finding that petitioner
violated inmate rule 102.10 (7 NYCRR 270.2 [B] [3] [i]) and as
modified the determination is confirmed without costs and respondent
is directed to expunge from petitioner's institutional record all
references to the violation of that inmate rule.

Memorandum: Petitioner commenced this CPLR article 78 proceeding
seeking to annul the determination, following a Tier III disciplinary
hearing, that he violated inmate rules 106.10 (7 NYCRR 270.2 [B] [7]
[i [refusal to obey a direct order]), 118.30 (7 NYCRR 270.2 [B] [19]
[viii] [cleanliness]), 118.22 (7 NYCRR 270.2 [B] [19] [iv] [unhygienic
act]) and 102.10 (7 NYCRR 270.2 [B] [3] [i] [threats]). Respondent
correctly concedes that the determination that petitioner violated
inmate rule 102.10 is not supported by substantial evidence. We
therefore modify the determination and grant the petition in part by
annulling that part of the determination finding that petitioner
violated inmate rule 102.10 (*see Matter of Vasquez v Goord*, 284 AD2d
903, 903-904), and we direct respondent to expunge from petitioner's
institutional record all references to the violation of that inmate
rule (*see generally Matter of Edwards v Fischer*, 87 AD3d 1328, 1330).
Inasmuch as it appears from the record that petitioner has already
served his administrative penalty, the appropriate remedy is

expungement of all references to the violation of that rule from his institutional record (*see Matter of Delgado v Hurlburt*, 279 AD2d 734, 735 n).  Further, because the penalty has been served and there was no recommended loss of good time, there is no need to remit the matter to respondent for reconsideration of the penalty (*see Matter of Maybanks v Goord*, 306 AD2d 839, 840).

Petitioner failed to exhaust his administrative remedies with respect to his contentions that the Hearing Officer refused to investigate petitioner's claim of retaliation, failed to call a lieutenant as a witness and improperly limited his cross-examination of a sergeant, inasmuch as he failed to raise those issues in his administrative appeal, " 'and this Court has no discretionary authority to reach [those] contention[s]' " (*Matter of McFadden v Prack*, 93 AD3d 1268, 1269).  Petitioner failed to preserve for our review his further contention that the Hearing Officer erred in denying his request for the videotape of the incident, inasmuch as he failed to raise that issue in his petition (*see Matter of Dawes v McClellan*, 225 AD2d 830, 831).

Contrary to petitioner's contention, the determination that he violated the remaining inmate rules is supported by substantial evidence (*see generally People ex rel. Vega v Smith*, 66 NY2d 130, 139).  We have reviewed petitioner's remaining contentions and conclude that they are without merit.

Entered:  June 8, 2012                          Frances E. Cafarell
                                                Clerk of the Court