# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1069**

**TP 12-00298**

PRESENT: SCUDDER, P.J., SMITH, FAHEY, LINDLEY, AND MARTOCHE, JJ.

---

IN THE MATTER OF WALTER BALKUM, PETITIONER,

V                                                                MEMORANDUM AND ORDER

BRIAN FISCHER, COMMISSIONER, NEW YORK STATE
DEPARTMENT OF CORRECTIONAL SERVICES, RESPONDENT.

---

WALTER BALKUM, PETITIONER PRO SE.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (PETER H. SCHIFF OF COUNSEL), FOR RESPONDENT.

---

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Cayuga County [Thomas G. Leone, A.J.], entered February 8, 2012) to review a determination of respondent. The determination found after a Tier III hearing that petitioner had violated various inmate rules.

It is hereby ORDERED that the determination so appealed from is unanimously modified on the law and the petition is granted in part by annulling those parts of the determination finding that petitioner violated inmate rules 100.13 (7 NYCRR 270.2 [B] [1] [iv]) and 104.13 (7 NYCRR 270.2 [B] [5] [iv]) and vacating the recommended loss of good time and as modified the determination is confirmed without costs, respondent is directed to expunge from petitioner's institutional record all references to the violation of those rules, and the matter is remitted to respondent for further proceedings in accordance with the following Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination, following a Tier III hearing, that he had violated various inmate rules, including inmate rules 100.13 (7 NYCRR 270.2 [B] [1] [iv] [fighting]) and 104.13 (7 NYCRR 270.2 [B] [5] [iv] [creating a disturbance]). As respondent correctly concedes, the determination with respect to those two inmate rules is not supported by substantial evidence (*see generally People ex rel. Vega v Smith*, 66 NY2d 130, 139). We therefore modify the determination and grant the petition in part by annulling those parts of the determination finding that petitioner violated those two inmate rules, and we direct respondent to expunge from petitioner's institutional record all references to the violation of those rules. "Although there is no need to remit the matter to respondent for reconsideration of those parts of the penalty already served by petitioner, we note that there was also a recommended loss of good time, and the record does not reflect the relationship between the

violations and that recommendation" (*Matter of Monroe v Fischer*, 87 AD3d 1300, 1301).  We therefore further modify the determination by vacating the recommended loss of good time, and we remit the matter to respondent for reconsideration of that recommendation (*see id.*).

We have considered petitioner's remaining contentions and conclude that they are without merit.

Entered:  September 28, 2012                    Frances E. Cafarell
                                                Clerk of the Court