# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1094

TP 12-00754

PRESENT: FAHEY, J.P., PERADOTTO, CARNI, WHALEN, AND MARTOCHE, JJ.

---

IN THE MATTER OF ALBERTO RODRIGUEZ, PETITIONER,

V                                                            MEMORANDUM AND ORDER

BRIAN FISCHER, COMMISSIONER, NEW YORK STATE
DEPARTMENT OF CORRECTIONS AND COMMUNITY
SUPERVISION, RESPONDENT.

---

WYOMING COUNTY-ATTICA LEGAL AID BUREAU, WARSAW (ADAM W. KOCH OF
COUNSEL), FOR PETITIONER.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (FRANK K. WALSH OF
COUNSEL), FOR RESPONDENT.

---

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Wyoming County [Mark H. Dadd, A.J.], entered April 20, 2012) to review a determination of respondent. The determination found after a Tier III hearing that petitioner had violated various inmate rules.

It is hereby ORDERED that the determination so appealed from is unanimously modified on the law and the petition is granted in part by annulling that part of the determination finding that petitioner violated inmate rule 102.10 (7 NYCRR 270.2 [B] [3] [i]) and vacating the recommended loss of good time and as modified the determination is confirmed without costs, respondent is directed to expunge from petitioner's institutional record all references to the violation of that rule, and the matter is remitted to respondent for further proceedings in accordance with the following Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination, following a Tier III hearing, that he had violated various inmate rules, including inmate rules 102.10 (7 NYCRR 270.2 [B] [3] [i] [threats]), 104.11 (7 NYCRR 270.2 [B] [5] [ii] [violent conduct]), and 107.11 (7 NYCRR 270.2 [B] [8] [ii] [harassment]). As respondent correctly concedes, the determination that petitioner violated inmate rule 102.10 is not supported by substantial evidence (*see generally People ex rel. Vega v Smith*, 66 NY2d 130, 139). We therefore modify the determination and grant the petition in part by annulling that part of the determination finding that petitioner violated inmate rule 102.10, and we direct respondent to expunge from petitioner's institutional record all references to the violation of that rule. "Although there is no need to remit the matter to respondent for reconsideration of those parts of the penalty already

served by petitioner, we note that there was also a recommended loss of good time, and the record does not reflect the relationship between the violations and that recommendation" (*Matter of Monroe v Fischer*, 87 AD3d 1300, 1301).  We therefore further modify the determination by vacating the recommended loss of good time, and we remit the matter to respondent for reconsideration of that recommendation (*see id.).*

We have considered petitioner's remaining contentions and conclude that they are without merit.

Entered:  November 9, 2012                          Frances E. Cafarell
                                                    Clerk of the Court