# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

791

TP 13-00268

PRESENT: SMITH, J.P., FAHEY, CARNI, SCONIERS, AND VALENTINO, JJ.

---

IN THE MATTER OF ANTOINE FREEMAN, PETITIONER,

V                                                          MEMORANDUM AND ORDER

BRIAN FISCHER, COMMISSIONER, NEW YORK STATE
DEPARTMENT OF CORRECTIONS AND COMMUNITY
SUPERVISION, RESPONDENT.

---

WYOMING COUNTY-ATTICA LEGAL AID BUREAU, WARSAW (ADAM W. KOCH OF
COUNSEL), FOR PETITIONER.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (PETER H. SCHIFF OF
COUNSEL), FOR RESPONDENT.

---

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Wyoming County [Mark H. Dadd, A.J.], entered February 4, 2013) to review a determination of respondent. The determination found after a Tier II hearing that petitioner had violated various inmate rules.

It is hereby ORDERED that the determination so appealed from is unanimously modified on the law and the petition is granted in part by annulling that part of the determination finding that petitioner violated inmate rule 107.20 (7 NYCRR 270.2 [B] [8] [iii]) and as modified the determination is confirmed without costs and respondent is directed to expunge from petitioner's institutional record all references to the violation of that inmate rule.

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination, following a tier II disciplinary hearing, that he violated inmate rules 107.20 (7 NYCRR 270.2 [B] [8] [iii] [false statement or information]) and 109.12 (7 NYCRR 270.2 [B] [10] [iii] [movement regulation violation]). Respondent correctly concedes that the determination that petitioner violated inmate rule 107.20 is not supported by substantial evidence (*see generally Matter of Rodriguez v Fischer*, 96 AD3d 1374, 1374-1375). We therefore modify the determination and grant the petition in part by annulling that part of the determination finding that petitioner violated inmate rule 107.20, and we direct respondent to expunge from petitioner's institutional record all references to the violation of that inmate rule (*see id.* at 1375). Inasmuch as the record demonstrates that petitioner has served his administrative penalty, the appropriate remedy is expungement of all references to the violation of that rule

from his institutional record (*see id.*).  Moreover, inasmuch as petitioner has served that penalty and there was no recommended loss of good time, there is no need to remit the matter to respondent for further consideration of the penalty (*see id.*; *Matter of Maybanks v Goord*, 306 AD2d 839, 840).  Contrary to petitioner's contention, the determination that he violated inmate rule 109.12 is supported by substantial evidence (*see generally Matter of Foster v Coughlin*, 76 NY2d 964, 966; *People ex rel. Vega v Smith*, 66 NY2d 130, 139).

Entered:  July 19, 2013                    Frances E. Cafarell
                                           Clerk of the Court