# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**867**

**TP 13-00379**

PRESENT: CENTRA, J.P., FAHEY, LINDLEY, SCONIERS, AND WHALEN, JJ.

---

IN THE MATTER OF RANDOLPH STEWART, PETITIONER,

V                                    MEMORANDUM AND ORDER

BRIAN FISCHER, COMMISSIONER, NEW YORK STATE
DEPARTMENT OF CORRECTIONS AND COMMUNITY
SUPERVISION, RESPONDENT.

---

WYOMING COUNTY-ATTICA LEGAL AID BUREAU, WARSAW (ADAM W. KOCH OF
COUNSEL), FOR PETITIONER.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (LAURA ETLINGER OF
COUNSEL), FOR RESPONDENT.

---

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Wyoming County [Mark H. Dadd, A.J.], entered February 27, 2013) to review a determination of respondent. The determination found after a Tier III hearing that petitioner had violated various inmate rules.

It is hereby ORDERED that the determination so appealed from is unanimously modified on the law and the petition is granted in part by annulling that part of the determination finding that petitioner violated inmate rule 121.11 (7 NYCRR 270.2 [B] [22] [ii]) and as modified the determination is confirmed without costs and respondent is directed to expunge from petitioner's institutional record all references to the violation of that inmate rule.

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination, following a tier III disciplinary hearing, that he violated inmate rules 113.25 (7 NYCRR 270.2 [B] [14] [xv] [drug possession]), 114.10 (7 NYCRR 270.2 [B] [15] [i] [smuggling], 121.11 (7 NYCRR 270.2 [B] [22] [ii] [third-party call]), and 180.10 (7 NYCRR 270.2 [B] [26] [i] [facility visitation violation]). Respondent correctly concedes in response to petitioner's contention that the determination that petitioner violated inmate rule 121.11 is not supported by substantial evidence. We therefore modify the determination and grant the petition in part by annulling that part of the determination finding that petitioner violated inmate rule 121.11 (*see Matter of Vasquez v Goord*, 284 AD2d 903, 903-904), and we direct respondent to expunge from petitioner's institutional record all references to the violation of that inmate rule (*see generally Matter of Edwards v Fischer*, 87 AD3d 1328, 1330).

Inasmuch as the record establishes that petitioner has served his administrative penalty, the appropriate remedy is expungement of all references to the violation of that rule from his institutional record (*see Matter of Delgado v Hurlburt*, 279 AD2d 734, 735 n).  Further, because the penalty has been served and there was no recommended loss of good time, there is no need to remit the matter to respondent for reconsideration of the penalty (*see Matter of Maybanks v Goord*, 306 AD2d 839, 840).

Contrary to petitioner's further contention, the determination that he violated the remaining inmate rules is supported by substantial evidence, including transcripts of petitioner's telephone conversations, confidential testimony, and confidential documentary evidence (*see generally People ex rel. Vega v Smith*, 66 NY2d 130, 139).  Petitioner failed to exhaust his administrative remedies with respect to his contention that he was denied the opportunity to call a witness, inasmuch as he failed to raise that contention in his administrative appeal, " 'and this Court has no discretionary authority to reach that contention' " (*Matter of McFadden v Prack*, 93 AD3d 1268, 1269).

Entered:  September 27, 2013                    Frances E. Cafarell
                                               Clerk of the Court