# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

67

TP 13-00209

PRESENT: CENTRA, J.P., FAHEY, LINDLEY, SCONIERS, AND WHALEN, JJ.

---

IN THE MATTER OF DEVAUGHN HOLMES, PETITIONER,

V                                                    MEMORANDUM AND ORDER

BRIAN FISCHER, COMMISSIONER, NEW YORK STATE
DEPARTMENT OF CORRECTIONS AND COMMUNITY
SUPERVISION, RESPONDENT.

---

DEVAUGHN HOLMES, PETITIONER PRO SE.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (PETER H. SCHIFF OF
COUNSEL), FOR RESPONDENT.

---

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Cayuga County [Thomas G. Leone, A.J.], entered January 29, 2013) to annul a determination finding after a tier III hearing that petitioner had violated various inmate rules.

It is hereby ORDERED that the determination so appealed from is unanimously modified on the law and the petition is granted in part by annulling those parts of the determination finding that petitioner violated inmate rules 113.25 (7 NYCRR 270.2 [B] [14] [xv]) and 114.10 (7 NYCRR 270.2 [B] [15] [i]) and vacating the recommended loss of good time and as modified the determination is confirmed without costs, respondent is directed to expunge from petitioner's institutional record all references to the violation of those rules, and the matter is remitted to respondent for further proceedings in accordance with the following Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination, following a tier III disciplinary hearing, that he violated inmate rules 113.25 (7 NYCRR 270.2 [B] [14] [xv] [drug possession]), 114.10 (7 NYCRR 270.2 [B] [15] [i] [smuggling]), 121.11 (7 NYCRR 270.2 [B] [22] [ii] [third-party call]), and 121.14 (7 NYCRR 270.2 [B] [22] [v] [exchanging personal identification numbers (PINs)]). We conclude that there is substantial evidence to support the determination with respect to inmate rules 121.11 and 121.14. Specifically, the misbehavior report, together with the audiotapes of petitioner's telephone conversations, establish that petitioner made third-party calls and used the PINs of other inmates (*see Matter of Matthews v Fischer*, 95 AD3d 1529, 1530; *see generally Matter of Foster v Coughlin*, 76 NY2d 964, 966; *People ex rel. Vega v Smith*, 66 NY2d 130, 140). Petitioner's protestations of innocence merely raised an issue of credibility for resolution by the

Hearing Officer (*see Foster*, 76 NY2d at 966).

Respondent correctly concedes, however, that the determination with respect to inmate rules 113.25 and 114.10 is not supported by substantial evidence (*see generally Vega*, 66 NY2d at 139), and we therefore modify the determination accordingly.  Inasmuch as the record establishes that petitioner has served his administrative penalty, we direct respondent to expunge from petitioner's institutional record all references to the violation of those inmate rules (*see Matter of Stewart v Fischer*, 109 AD3d 1122, 1123, *lv denied* ___ NY3d ___ [Dec. 17, 2013]; *see generally Matter of Edwards v Fischer*, 87 AD3d 1328, 1330).  Although we need not remit the matter to respondent for reconsideration of those parts of the penalty already served by petitioner, we note that there was also a recommended loss of good time, and the record does not reflect the relationship between the violations and that recommendation (*see Matter of Monroe v Fischer*, 87 AD3d 1300, 1301).  We therefore further modify the determination by vacating the recommended loss of good time, and we remit the matter to respondent for reconsideration of that recommendation (*see id.*).

We have considered petitioner's remaining contentions and conclude that they are without merit.

Entered:  February 7, 2014                     Frances E. Cafarell
                                               Clerk of the Court