# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**764**

**TP 14-02148**

PRESENT: SCUDDER, P.J., SMITH, SCONIERS, VALENTINO, AND DEJOSEPH, JJ.

---

IN THE MATTER OF JAWWAD ABDUL-HALIM, PETITIONER,

V                                                    MEMORANDUM AND ORDER

ANTHONY J. ANNUCCI, ACTING COMMISSIONER, NEW YORK
STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY
SUPERVISION AND MICHAEL SHEAHAN, SUPERINTENDENT,
FIVE POINTS CORRECTIONAL FACILITY, RESPONDENTS.

---

JAWWAD ABDUL-HALIM, PETITIONER PRO SE.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (PETER H. SCHIFF OF
COUNSEL), FOR RESPONDENTS.

-----------------------------------------------------------------------------------------------------

Proceeding pursuant to CPLR article 78 (transferred to the
Appellate Division of the Supreme Court in the Fourth Judicial
Department by order of the Supreme Court, Seneca County [Dennis F.
Bender, A.J.], entered November 26, 2014) to review a determination,
after a tier III hearing, that petitioner had violated various inmate
rules.

It is hereby ORDERED that the determination so appealed from is
unanimously modified on the law and the petition is granted in part by
annulling those parts of the determination finding that petitioner
violated rules 100.10 (7 NYCRR 270.2 [B] [1] [i]) and 107.20 (7 NYCRR
270.2 [B] [8] [iii]) and vacating the recommended loss of good time,
and as modified the determination is confirmed without costs,
respondents are directed to expunge from petitioner's institutional
record all references to the violation of those rules, and the matter
is remitted to respondents for further proceedings in accordance with
the following memorandum:  Petitioner commenced this proceeding
pursuant to CPLR article 78 seeking review of a determination
following a tier III disciplinary hearing that he violated the
following disciplinary rules:  104.11 (7 NYCRR 270.2 [B] [5] [ii]
[violent conduct]); 100.10 (7 NYCRR 270.2 [B] [1] [i] [assault on
inmate]); 103.20 (7 NYCRR 270.2 [B] [4] [ii] [soliciting]); 113.25 (7
NYCRR 270.2 [B] [14] [xv] [drug possession]); 113.30 (7 NYCRR 270.2
[B] [14] [xx] [possession of unauthorized UCC materials]); 114.10 (7
NYCRR 270.2 [B] [15] [i] [smuggling]); 107.20 (7 NYCRR 270.2 [B] [8]
[iii] [false statements or information]); 105.13 (7 NYCRR 270.2 [B]
[6] [iv] [gangs]); 102.10 (7 NYCRR 270.2 [B] [3] [i] [threats]);
180.10 (7 NYCRR 270.2 [B] [26] [i] [facility visitation violation]);
and 180.11 (7 NYCRR 270.2 [B] [26] [ii] [facility correspondence
violation]).  Supreme Court transferred the matter to this Court

pursuant to CPLR 7804 (g).

Respondents correctly concede that the alleged violations of disciplinary rules 100.10, i.e., assault on inmate, and 107.20, i.e., false statements, are not supported by substantial evidence (*see generally People ex rel. Vega v Smith*, 66 NY2d 130, 139), and we therefore modify the determination accordingly. Inasmuch as the hearing officer recommended six months' loss of good time, and as the record does not reflect the relationship between those violations and the recommendation, we further modify the determination by vacating the recommended loss of good time, and we remit the matter for reconsideration of that recommendation (*see Matter of Holmes v Fischer*, 114 AD3d 1158, 1159). Because the other penalties have been served, we need not remit the matter with respect to those penalties (*see id.*).

We reject petitioner's contention that the remaining violations are not supported by substantial evidence (*see generally Vega*, 66 NY2d at 139). Those violations were supported by, inter alia, the misbehavior report, the testimony of the reporting officer and another employee, and documentary evidence, including several letters mailed by petitioner arranging for illegal drugs to be smuggled into the facility and discussing gang activity. We have reviewed petitioner's remaining contentions and conclude that none warrants reversal or further modification.

Entered: June 12, 2015                                    Frances E. Cafarell
                                                         Clerk of the Court