# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1225**
**TP 15-00597**
PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, VALENTINO, AND DEJOSEPH, JJ.

---

IN THE MATTER OF GABRIEL M. WILLIAMS, PETITIONER,

V                                          MEMORANDUM AND ORDER

ANTHONY ANNUCCI, ACTING COMMISSIONER, NEW YORK
STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY
SUPERVISION, RESPONDENT.

---

GABRIEL M. WILLIAMS, PETITIONER PRO SE.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (PETER H. SCHIFF OF
COUNSEL), FOR RESPONDENT.

---

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Erie County [M. William Boller, A.J.], entered April 9, 2015) to review a determination of respondent. The determination found after a tier III hearing that petitioner had violated various inmate rules.

It is hereby ORDERED that the determination so appealed from is unanimously modified on the law and the petition is granted in part by annulling that part of the determination finding that petitioner violated inmate rule 101.22 (7 NYCRR 270.2 [B] [2] [v]) and vacating the recommended loss of good time, and as modified the determination is confirmed without costs, respondent is directed to expunge from petitioner's institutional record all references to the violation of that rule, and the matter is remitted to respondent for further proceedings in accordance with the following memorandum: Petitioner commenced this proceeding pursuant to CPLR article 78 seeking review of a determination, following a tier III disciplinary hearing, that he violated inmate rules 101.22 (7 NYCRR 270.2 [B] [2] [v [stalking]), 103.20 (7 NYCRR 270.2 [B] [4] [ii] [soliciting]), and 121.12 (7 NYCRR 270.2 [B] [22] [iii] [telephone program violation]). To the extent that petitioner contends that the determination finding that he violated inmate rule 121.12 is not supported by substantial evidence, we note that his plea of guilty to that violation precludes our review of his contention (*see Matter of Edwards v Fischer*, 87 AD3d 1328, 1329). We further conclude that there is substantial evidence to support the determination with respect to inmate rule 103.20 (*see generally People ex rel. Vega v Smith*, 66 NY2d 130, 139).

As respondent correctly concedes, however, the determination with respect to inmate rule 101.22 is not supported by substantial evidence

(*see Matter of Monroe v Fischer*, 87 AD3d 1300, 1301), and we therefore modify the determination accordingly.  Inasmuch as the record establishes that petitioner has served his administrative penalty, we direct respondent to expunge from petitioner's institutional record all references to the violation of that inmate rule (*see Matter of Stewart v Fischer*, 109 AD3d 1122, 1123, *lv denied* 22 NY3d 858). Although there is no need to remit the matter to respondent for reconsideration of those parts of the penalty already served by petitioner, we note that the Hearing Officer also recommended nine months' loss of good time, and the record does not reflect the relationship between the violations and that recommendation (*see Monroe*, 87 AD3d at 1301).  We therefore further modify the determination by vacating the recommended loss of good time, and we remit the matter to respondent for reconsideration of that recommendation in light of our decision with respect to inmate rule 101.22 (*see id.*).

We have reviewed petitioner's remaining contentions and conclude that none warrants reversal or further modification.

Entered:  November 20, 2015                    Frances E. Cafarell
                                               Clerk of the Court