# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1041**
**TP 16-00140**
PRESENT: CARNI, J.P., DEJOSEPH, NEMOYER, TROUTMAN, AND SCUDDER, JJ.

---

IN THE MATTER OF LEROY JOHNSON, PETITIONER,

V                                                    MEMORANDUM AND ORDER

JOHN B. LEMPKE, SUPERINTENDENT, WENDE CORRECTIONAL
FACILITY, RESPONDENT.

---

LEROY JOHNSON, PETITIONER PRO SE.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (MARCUS J. MASTRACCO OF
COUNSEL), FOR RESPONDENT.

-----------------------------------------------------------------------------------------------------------

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Erie County [Christopher J. Burns, J.], entered January 20, 2016) to review a determination of respondent. The determination found after a tier II hearing that petitioner had violated various inmate rules.

It is hereby ORDERED that the determination so appealed from is unanimously modified on the law and the petition is granted in part by annulling that part of the determination finding that petitioner violated inmate rule 107.10 (7 NYCRR 270.2 [B] [8] [i]), and as modified the determination is confirmed without costs, and respondent is directed to expunge from petitioner's institutional record all references to the violation of that inmate rule.

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination, following a tier II disciplinary hearing, that he violated various inmate rules. Respondent correctly concedes that the determination that petitioner violated inmate rule 107.10 (7 NYCRR 270.2 [B] [8] [i] [interference with employee]) is not supported by substantial evidence. We therefore modify the determination and grant the petition in part by annulling that part of the determination finding that petitioner violated that inmate rule (*see Matter of Vasquez v Goord*, 284 AD2d 903, 903-904), and we direct respondent to expunge from petitioner's institutional record all references to the violation of that inmate rule (*see Matter of Edwards v Fischer*, 87 AD3d 1328, 1330). Inasmuch as the record establishes that petitioner has served his administrative penalty and there is no recommended loss of good time, there is no need to remit the matter to respondent for reconsideration of the penalty (*see Matter of Maybanks v Goord*, 306 AD2d 839, 840).

Contrary to petitioner's further contention, the determination that he violated the remaining inmate rules is supported by substantial evidence, including the misbehavior report and the testimony from the hearing (*see generally People ex rel. Vega v Smith*, 66 NY2d 130, 139). Petitioner failed to exhaust his administrative remedies with respect to his contentions that the determination was arbitrary and capricious and the Hearing Officer was biased inasmuch as he failed to raise those contentions in his administrative appeal, " 'and this Court has no discretionary authority to reach th[ose] contention[s]' " (*Matter of McFadden v Prack*, 93 AD3d 1268, 1269).

Entered:  November 18, 2016                          Frances E. Cafarell
                                                     Clerk of the Court