# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

510

TP 16-02057

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, CURRAN, AND SCUDDER, JJ.

---

IN THE MATTER OF JUNIOR COLLINS, PETITIONER,

V                                                    MEMORANDUM AND ORDER

ANTHONY ANNUCCI, ACTING COMMISSIONER, NEW YORK
STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY
SUPERVISION, RESPONDENT.

---

WYOMING COUNTY-ATTICA LEGAL AID BUREAU, WARSAW (LEAH R. NOWOTARSKI OF COUNSEL), FOR PETITIONER.

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (KATHLEEN M. LANDERS OF COUNSEL), FOR RESPONDENT.

---

Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Wyoming County [Michael M. Mohun, A.J.], entered November 14, 2016) to review a determination of respondent. The determination found after a tier II hearing that petitioner had violated various inmate rules.

It is hereby ORDERED that the determination so appealed from is unanimously modified on the law and the petition is granted in part by annulling that part of the determination finding that petitioner violated inmate rule 104.13 (7 NYCRR 270.2 [B] [5] [iv]) and as modified the determination is confirmed without costs and respondent is directed to expunge from petitioner's institutional record all references to the violation of that inmate rule.

Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul the determination, after a tier II disciplinary hearing, that he violated inmate rules 104.13 (7 NYCRR 270.2 [B] [5] [iv] [creating a disturbance]), 107.10 (7 NYCRR 270.2 [B] [8] [i] [interference with employee]), and 107.11 (7 NYCRR 270.2 [B] [8] [ii] [harassment]). As respondent correctly concedes, the determination that petitioner violated inmate rule 104.13 is not supported by substantial evidence. We therefore modify the determination and grant the petition in part by annulling that part of the determination finding that petitioner violated inmate rule 104.13 (*see Matter of Vasquez v Goord*, 284 AD2d 903, 903-904), and we direct respondent to expunge from petitioner's institutional record all references to the violation of that inmate rule (*see Matter of Stewart v Fischer*, 109 AD3d 1122, 1123, *lv denied* 22 NY3d 858). Inasmuch as the record establishes that petitioner has served his administrative penalty and

there was no recommended loss of good time, there is no need to remit the matter to respondent for reconsideration of the penalty (*see Matter of Anderson v New York State Dept. of Corr. & Community Supervision*, 142 AD3d 1369, 1370; *Matter of Maybanks v Goord*, 306 AD2d 839, 840).

Contrary to petitioner's further contention, the determination that he violated the remaining inmate rules is supported by substantial evidence, including the misbehavior report, the testimony of the correction officers, and a videotape of the incident (*see Matter of Holmes v Fischer*, 114 AD3d 1158, 1159; *see generally People ex rel. Vega v Smith*, 66 NY2d 130, 140). Petitioner failed to exhaust his administrative remedies with respect to his remaining contention that he was improperly punished for violating an unpublished rule, and this Court has no discretionary authority to reach that contention (*see Matter of Polanco v Annucci*, 136 AD3d 1325, 1325; *Matter of McFadden v Prack*, 93 AD3d 1268, 1269).

Entered:  April 28, 2017                          Frances E. Cafarell
                                                  Clerk of the Court