Matter of Viera v Annucci (2019 NY Slip Op 02227)





Matter of Viera v Annucci


2019 NY Slip Op 02227


Decided on March 22, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, DEJOSEPH, NEMOYER, AND CURRAN, JJ.


332 TP 18-02024

[*1]IN THE MATTER OF TERELL VIERA, JR., PETITIONER,
v
ANTHONY ANNUCCI, ACTING COMMISSIONER, NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, RESPONDENT. 






WYOMING COUNTY-ATTICA LEGAL AID BUREAU, WARSAW (LEAH R. NOWOTARSKI OF COUNSEL), FOR PETITIONER.
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (ROBYN P. RYAN OF COUNSEL), FOR RESPONDENT. 


 Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Wyoming County [Michael M. Mohun, A.J.], entered October 29, 2018) to review a determination of respondent. The determination found after a tier II hearing that petitioner had violated an inmate rule. 
It is hereby ORDERED that the determination is unanimously confirmed without costs and the amended petition is dismissed.
Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul a determination, following a tier II disciplinary hearing, that he violated inmate rule 116.13 (7 NYCRR 270.2 [B] [17] [iv] [possession of stolen property]). Contrary to petitioner's contention, the misbehavior report, the testimony of the author of that report, and the photograph of the property constitute substantial evidence to support the determination that he violated that inmate rule (see Matter of Foster v Coughlin, 76 NY2d 964, 966 [1990]). Petitioner failed to exhaust his administrative remedies with respect to his contention that he was denied employee assistance, inasmuch as he failed to raise that contention in his administrative appeal,
" and this Court has no discretionary authority to reach that contention' " (Matter of McFadden v Prack, 93 AD3d 1268, 1269 [4th Dept 2012]; see Matter of Stewart v Fischer, 109 AD3d 1122, 1123 [4th Dept 2013], lv denied 22 NY3d 858 [2013]; Matter of Nelson v Coughlin, 188 AD2d 1071, 1071 [4th Dept 1992], appeal dismissed 81 NY2d 834 [1993]).
Entered: March 22, 2019
Mark W. Bennett
Clerk of the Court