Matter of Johnson v Annucci (2019 NY Slip Op 03503)





Matter of Johnson v Annucci


2019 NY Slip Op 03503


Decided on May 3, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 3, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, LINDLEY, TROUTMAN, AND WINSLOW, JJ.


397 TP 18-02318

[*1]IN THE MATTER OF IRRON JOHNSON, PETITIONER,
v
ANTHONY ANNUCCI, ACTING COMMISSIONER, NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, RESPONDENT. 






WYOMING COUNTY-ATTICA LEGAL AID BUREAU, WARSAW (ADAM W. KOCH OF COUNSEL), FOR PETITIONER. 
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (FRANK BRADY OF COUNSEL), FOR RESPONDENT. 


 Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Wyoming County [Michael M. Mohun, A.J.], entered December 12, 2018) to review a determination of respondent. The determination found after a tier III hearing that petitioner had violated various inmate rules. 
It is hereby ORDERED that the determination is unanimously modified on the law and the petition is granted in part by annulling those parts of the determination finding that petitioner violated inmate rules 106.10 (7 NYCRR 270.2 [B] [7] [i]) and 107.10 (7 NYCRR 270.2 [B] [8] [i]) and vacating the recommended loss of good time, and as modified the determination is confirmed without costs, respondent is directed to expunge from petitioner's institutional record all references to the violation of those rules, and the matter is remitted to respondent for further proceedings in accordance with the following memorandum: Petitioner commenced this proceeding pursuant to CPLR article 78 seeking to annul a determination, following a tier III disciplinary hearing, that he violated various inmate rules. One charge was dismissed upon administrative appeal, but the determination that petitioner had violated inmate rules 106.10 (7 NYCRR 270.2 [B] [7] [i] [refusing a direct order]), 107.10 (7 NYCRR 270.2 [B] [8] [i] [interference with an employee]), and 180.14 (7 NYCRR 270.2 [B] [26] [v] [urinalysis testing violation]) was affirmed. We conclude that there is substantial evidence to support the determination with respect to inmate rule 180.14 (see generally People ex rel. Vega v Smith, 66 NY2d 130, 139 [1985]).
As respondent correctly concedes, however, the determination with respect to inmate rules 106.10 and 107.10 is not supported by substantial evidence (see Matter of Monroe v Fischer, 87 AD3d 1300, 1301 [4th Dept 2011]). We therefore modify the determination and grant the petition in part by annulling those parts of the determination finding that petitioner violated those inmate rules, and we direct respondent to expunge from petitioner's institutional record all references to the violation of those inmate rules (see Matter of Stewart v Fischer, 109 AD3d 1122, 1123 [4th Dept 2013], lv denied 22 NY3d 858 [2013]; Monroe, 87 AD3d at 1301). Although there is no need to remit the matter to respondent for reconsideration of those parts of the penalty already served by petitioner, we note that the Hearing Officer also recommended two months' loss of good time, and the record does not reflect the relationship between the violations and that recommendation (see Monroe, 87 AD3d at 1301). We therefore further modify the determination by vacating the recommended loss of good time, and we remit the matter to respondent for reconsideration of that recommendation in light of our decision with respect to inmate rule 180.14 (see id.).
Entered: May 3, 2019
Mark W. Bennett
Clerk of the Court