Matter of Plaza v Annucci (2019 NY Slip Op 04854)





Matter of Plaza v Annucci


2019 NY Slip Op 04854


Decided on June 14, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 14, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, CARNI, LINDLEY, AND CURRAN, JJ.


729 CA 18-01651

[*1]IN THE MATTER OF RONALD D. PLAZA, PETITIONER-APPELLANT,
v
ANTHONY ANNUCCI, ACTING COMMISSIONER, NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, RESPONDENT-RESPONDENT. 






WYOMING COUNTY-ATTICA LEGAL AID BUREAU, WARSAW (ADAM W. KOCH OF COUNSEL), FOR PETITIONER-APPELLANT.
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (MARTIN A. HOTVET OF COUNSEL), FOR RESPONDENT-RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Wyoming County (Michael M. Mohun, A.J.), entered August 15, 2018 in a proceeding pursuant to CPLR article 78. The judgment dismissed the petition. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed without costs.
Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul a determination, following a tier II disciplinary hearing, that he violated inmate rules 106.10 (7 NYCRR 270.2 [B] [7] [i] [refusal to obey a direct order]) and 107.10 (7 NYCRR 270.2 [B] [8] [i] [interference with an employee]). Petitioner contends that the Hearing Officer, who found him not guilty of three of the five charges set forth in the misbehavior report, was biased and that the outcome of the disciplinary proceeding flowed from such bias. Petitioner failed to exhaust his administrative remedies with respect to that contention inasmuch as he failed to raise it in his administrative appeal (see Matter of Viera v Annucci, 170 AD3d 1645, 1646 [4th Dept 2019]). Petitioner also failed to exhaust his administrative remedies with respect to his contention that he was improperly subjected to the discipline process because he was trying to effect a change in prison policy regarding the inmate telephone program (see Correction Law § 138 [4]) inasmuch as he failed to raise that particular contention at his tier II disciplinary hearing or in his administrative appeal (see Viera, 170 AD3d at 1646; Matter of McFadden v Prack, 93 AD3d 1268, 1269 [4th Dept 2012]). "[T]his Court has no discretionary authority to reach [those] contention[s]"
(McFadden, 93 AD3d at 1269 [internal quotation marks omitted]).
Entered: June 14, 2019
Mark W. Bennett
Clerk of the Court