Matter of Davison v Annucci (2019 NY Slip Op 06312)





Matter of Davison v Annucci


2019 NY Slip Op 06312


Decided on August 22, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, DEJOSEPH, TROUTMAN, AND WINSLOW, JJ.


643 TP 18-02320

[*1]IN THE MATTER OF DARNELL DAVISON, PETITIONER,
v
ANTHONY ANNUCCI, ACTING COMMISSIONER, NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, RESPONDENT. 






WYOMING COUNTY-ATTICA LEGAL AID BUREAU, WARSAW (ADAM W. KOCH OF COUNSEL), FOR PETITIONER. 
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (MARTIN A. HOTVET OF COUNSEL), FOR RESPONDENT. 


 Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Wyoming County [Michael M. Mohun, A.J.], entered December 12, 2018) to review two determinations of respondent. The determinations found after two separate tier III hearings that petitioner had violated various inmate rules. 
It is hereby ORDERED that the determination rendered December 15, 2017 is unanimously annulled on the law without costs, the petition is granted in part, the recommended loss of good time is vacated, and respondent is directed to expunge from petitioner's institutional record all references to the violation of inmate rule 116.10 (7 NYCRR 270.2 [B] [17] [i]), and the determination rendered February 7, 2018 is modified by annulling that part of the determination finding that petitioner violated inmate rule 104.10 (7 NYCRR 270.2 [B] [5] [i]) and vacating the recommended loss of good time, and as modified such determination is confirmed without costs, respondent is directed to expunge from petitioner's institutional record all references to the violation of inmate rule 104.10, and the matter is remitted to respondent for further proceedings in accordance with the following memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul two determinations of respondent, following two separate tier III hearings, that petitioner violated various inmate rules. With respect to the first determination, which was rendered on December 15, 2017 and found petitioner guilty of violating inmate rule 116.10 (7 NYCRR 270.2 [B] [17] [i] [property damage]), respondent correctly concedes that the determination of guilt is not supported by substantial evidence. Therefore, we grant the petition in part by annulling that determination and by vacating the recommended loss of good time imposed by that determination, and we direct respondent to expunge from petitioner's institutional record all references to the violation of inmate rule 116.10.
With respect to the second determination rendered February 7, 2018, respondent also correctly concedes that there is not substantial evidence supporting that part of the determination finding petitioner guilty of violating inmate rule 104.10 (7 NYCRR 270.2 [B] [5] [i] [rioting]). We therefore grant the petition in further part and modify the second determination by annulling that part of the determination finding that petitioner violated inmate rule 104.10, and we direct respondent to expunge from petitioner's institutional record all references thereto. Contrary to petitioner's contention, substantial evidence supports those parts of the second determination finding that he violated inmate rules 102.10 (7 NYCRR 270.2 [B] [3] [i] [threats]), 104.11 (7 NYCRR 270.2 [B] [5] [ii] [violent conduct]), 106.10 (7 NYCRR 270.2 [B] [7] [i] [direct order]) and 107.10 (7 NYCRR 270.2 [B] [8] [i] [interference]) (see generally People ex rel. Vega v Smith, 66 NY2d 130, 140 [1985]).
There is no need to remit the matter to respondent for reconsideration of those parts of the [*2]penalty that petitioner has served (see Matter of Rodriguez v Fischer, 96 AD3d 1374, 1375 [4th Dept 2012]). The Hearing Officer in the second determination also recommended loss of good time, however, and the record does not reflect the relationship between any specific violation and that recommendation. We therefore further modify the second determination by vacating the recommended loss of good time, and we remit the matter to respondent for reconsideration of that recommendation in light of our decision with respect to inmate rule 104.10 (see Matter of Williams v Annucci, 133 AD3d 1362, 1363-1364 [4th Dept 2015]).
Entered: August 22, 2019
Mark W. Bennett
Clerk of the Court