◼ In the Matter of WELDON INGRAM, Petitioner, v ANTHONY ANNUCCI, Acting Commissioner, New York State Department of Corrections and Community Supervision, Respondent. [53 NYS3d 872]—Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Wyoming County [Michael M. Mohun, A.J.], entered December 20, 2016) to review determinations. The determinations found, after tier II disciplinary hearings, that petitioner had violated various inmate rules.

It is hereby ordered that the determinations are unanimously confirmed without costs and the amended petition is dismissed.

Memorandum: Petitioner commenced this proceeding pursuant to CPLR article 78 seeking review of determinations, following tier II disciplinary hearings, that he violated inmate rules 104.13 (7 NYCRR 270.2 [B] [5] [iv] [creating a disturbance]), 106.10 (7 NYCRR 270.2 [B] [7] [i] [refusing direct order]), 113.13 (7 NYCRR 270.2 [B] [14] [iii] [intoxication]), and 181.10 (7 NYCRR 270.2 [B] [26] [i] [noncompliance with hearing disposition]). To the extent that petitioner contends that the determination finding that he violated inmate rules 106.10 and 181.10 is not supported by substantial evidence, we note that his plea of guilty to those violations precludes our review of his contention (see Matter of Edwards v Fischer, 87 AD3d 1328, 1329 [2011]). We further conclude that there is substantial evidence to support the determination with respect to inmate rules 104.13 and 113.13 (see generally People ex rel. Vega v Smith, 66 NY2d 130, 139 [1985]). Any denials by

petitioner with respect to those two violations raised, at most, an issue of credibility for resolution by the Hearing Officer (*see generally Matter of Foster v Coughlin*, 76 NY2d 964, 966 [1990]). Present—Carni, J.P., Curran, Troutman, Winslow and Scudder, JJ.