Matter of Washington v Annucci (2019 NY Slip Op 01979)





Matter of Washington v Annucci


2019 NY Slip Op 01979


Decided on March 15, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 15, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, DEJOSEPH, NEMOYER, AND CURRAN, JJ.


1310 TP 18-01178

[*1]IN THE MATTER OF MARTIN WASHINGTON, PETITIONER,
v
ANTHONY ANNUCCI, ACTING COMMISSIONER, NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, RESPONDENT. 






WYOMING COUNTY-ATTICA LEGAL AID BUREAU, WARSAW (LEAH R. NOWOTARSKI OF COUNSEL), FOR PETITIONER.
BARBARA D. UNDERWOOD, ATTORNEY GENERAL, ALBANY (FRANK BRADY OF COUNSEL), FOR RESPONDENT. 


 Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Wyoming County [Michael M. Mohun, A.J.], entered June 29, 2018) to review a determination of respondent. The determination found after a tier III hearing that petitioner had violated various inmate rules. 
It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.
Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul a determination, following a tier III disciplinary hearing, that he violated several inmate rules. To the extent that petitioner contends that the determination finding that he violated inmate rules 104.11 (7 NYCRR 270.2 [B] [5] [ii] [violent conduct]), 104.13 (7 NYCRR 270.2 [B] [5] [iv] [creating a disturbance]), 100.13 (7 NYCRR 270.2 [B] [1] [iv] [fighting]), and 106.10 (7 NYCRR 270.2 [B] [7] [i] [direct order]) is not supported by substantial evidence, we note that his plea of guilty to those violations precludes our review of his contention (see Matter of Ingram v Annucci, 151 AD3d 1778, 1778 [4th Dept 2017], lv denied 30 NY3d 904 [2017]; Matter of Williams v Annucci, 133 AD3d 1362, 1363 [4th Dept 2015]). Contrary to petitioner's further contention, the misbehavior report, photographs of the weapon, video of the incident, and the testimony of the correction officer who observed the weapon in petitioner's hand constitute substantial evidence that petitioner violated inmate rules 113.10 (7 NYCRR 270.2 [B] [14] [i] [weapon]) and 107.10 (7 NYCRR 270.2 [B] [8] [i] [interference]; see generally Matter of Foster v Coughlin, 76 NY2d 964, 966 [1990]; People ex rel. Vega v Smith, 66 NY2d 130, 140 [1985]). The contrary testimony of petitioner and the other inmate involved in the disturbance raised, at most, an issue of credibility for resolution by the Hearing Officer (see Foster, 76 NY2d at 966).
Entered: March 15, 2019
Mark W. Bennett
Clerk of the Court