Matter of Caballero v Annucci (2020 NY Slip Op 05656)





Matter of Caballero v Annucci


2020 NY Slip Op 05656


Decided on October 9, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 9, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, CURRAN, AND BANNISTER, JJ.


821 TP 20-00254

[*1]IN THE MATTER OF CHRISTIAN CABALLERO, PETITIONER,
v
ANTHONY ANNUCCI, ACTING COMMISSIONER, NEW YORK STATE DEPARTMENT OF CORRECTIONS AND COMMUNITY SUPERVISION, RESPONDENT. 






WYOMING COUNTY-ATTICA LEGAL AID BUREAU, WARSAW (LEAH R. NOWOTARSKI OF COUNSEL), FOR PETITIONER.
LETITIA JAMES, ATTORNEY GENERAL, ALBANY (SARAH L. ROSENBLUTH OF COUNSEL), FOR RESPONDENT. 


 Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Fourth Judicial Department by order of the Supreme Court, Wyoming County [Michael M. Mohun, A.J.], entered February 11, 2020) to review a determination of respondent. The determination found after a tier III hearing that petitioner had violated various inmate rules. 
It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.
Memorandum: Petitioner commenced this CPLR article 78 proceeding seeking to annul a determination, following a tier III disciplinary hearing, that he violated several inmate rules. To the extent that petitioner contends that the determination finding that he violated inmate rules 104.11 (7 NYCRR 270.2 [B] [5] [ii] [violent conduct]), 104.13 (7 NYCRR 270.2 [B] [5] [iv] [creating a disturbance]), and 106.10 (7 NYCRR 270.2 [B] [7] [i] [refusing a direct order]) is not supported by substantial evidence, we note that his plea of guilty to those violations precludes our review of his contention (see Matter of Ingram v Annucci, 151 AD3d 1778, 1778 [4th Dept 2017], lv denied 30 NY3d 904 [2017]; Matter of Williams v Annucci, 133 AD3d 1362, 1363 [4th Dept 2015]). Although we agree with petitioner that his hearing was not commenced or concluded within the regulatory time period, "it is well settled that, '[a]bsent a showing that substantial prejudice resulted from the delay, the regulatory time limits are construed to be directory rather than mandatory' " (Matter of Sierra v Annucci, 145 AD3d 1496, 1497 [4th Dept 2016]; see Matter of McMillian v Lempke, 149 AD3d 1492, 1493 [4th Dept 2017], appeal dismissed 30 NY3d 930 [2017]). Here, petitioner has failed to show any prejudice from the delay and, as a result, "the failure to [commence and] complete the hearing in a timely manner does not warrant annulment of the determination" (Matter of Watson v Annucci, 173 AD3d 1606, 1607 [4th Dept 2019]). Contrary to the final contention of petitioner, we conclude that "the inmate misbehavior report[] provided him with adequate notice of the charges as required by 7 NYCRR 251-3.1 (c)" (Matter of Jones v Fischer, 111 AD3d 1362, 1363 [4th Dept 2013]).
Entered: October 9, 2020
Mark W. Bennett
Clerk of the Court