Matter of Evans v Annucci (2021 NY Slip Op 05147)





Matter of Evans v Annucci


2021 NY Slip Op 05147


Decided on September 30, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:September 30, 2021

532615
[*1]In the Matter of Giovanni Evans, Petitioner,
v
Anthony J. Annucci, as Acting Commissioner of Corrections and Community Supervision, Respondent.

Calendar Date:September 3, 2021

Before:Egan Jr., J.P., Lynch, Clark, Pritzker and Reynolds Fitzgerald, JJ.

Giovanni Evans, Marcy, petitioner pro se.
Letitia James, Attorney General, Albany (Martin A. Hotvet of counsel), for respondent.



Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review two determinations of respondent finding petitioner guilty of violating certain prison disciplinary rules.
Petitioner was charged in a misbehavior report dated March 5, 2020 with stalking, harassment, making threats and violating facility correspondence procedures. The disciplinary charges stemmed from petitioner "kiting" multiple letters to an individual listed on his negative correspondence list, wherein petitioner harassed the recipient, made various threats against her and announced his intention to stalk her upon his release. At the disciplinary hearing that followed, petitioner pleaded guilty to harassment and making threats and not guilty to the remaining charges. Petitioner thereafter was found guilty of all charges and a penalty was imposed, and petitioner's subsequent administrative appeal was unsuccessful.
Additionally, petitioner was charged in a misbehavior report dated March 9, 2020 with harassment, making threats, violating facility correspondence procedures and refusing a direct order. The disciplinary charges again resulted from petitioner sending threatening letters to an individual and, further, disregarding a correction lieutenant's repeated directives to refrain from sending correspondence containing obscene or threatening language. Following a hearing, petitioner was found guilty of all charges and a penalty — subsequently modified upon reconsideration — was imposed. Petitioner thereafter commenced this CPLR article 78 proceeding to challenge the two disciplinary determinations.
We confirm. Petitioner's claim that the respective hearings were neither timely commenced nor completed lacks merit. At the time of both incidents, petitioner already was confined to the facility's special housing unit. As such, the respective hearings were not required to be commenced within the seven-day period set forth in 7 NYCRR 251-5.1 (a) (see Matter of Alvarez v Fischer, 94 AD3d 1404, 1406 [2012]; Matter of Applewhite v Goord, 45 AD3d 1112, 1112 [2007], lv denied 10 NY3d 711 [2008]). The record also reflects that the respective Hearing Officers obtained appropriate extensions and that each hearing was completed in compliance therewith. In any event, absent a showing of substantial prejudice, which petitioner has not demonstrated here, "the regulatory time limits are construed to be directory rather than mandatory" (Matter of Caballero v Annucci, 187 AD3d 1671, 1672 [2020] [internal quotation marks and citation omitted]; see Matter of Anselmo v Annucci, 176 AD3d 1283, 1284 [2019]). Petitioner's remaining procedural argument — that one of the letters at issue was seized in violation of departmental rules — is unavailing, as the author of the relevant misbehavior report testified that the letter was "opened pursuant to an authorized mail watch" (Matter of Cochran v Bezio, 70 AD3d 1161, 1162 [2010]; [*2]see Matter of Glover v Fischer, 113 AD3d 976, 976-977 [2014]).
Turning to the merits, the detailed misbehavior report dated March 5, 2020, together with the testimony of its author and the related memorandum, petitioner's testimony and other documentary evidence, constitute substantial evidence to support the determination of guilt (see e.g. Matter of Washington v Venettozzi, 186 AD3d 1866, 1867 [2020]; Matter of Peters v Annucci, 177 AD3d 1055, 1056 [2019]; Matter of Woodward v Annucci, 175 AD3d 785, 785-786 [2019]). Petitioner's claim that he was unaware that the recipient of the letters at issue appeared on his negative correspondence list presented a credibility determination for the Hearing Officer to resolve (see e.g. Matter of Wright v Annucci, 190 AD3d 1249, 1249-1250 [2021]; Matter of Haigler v Lilley, 173 AD3d 1597, 1598 [2019], appeal dismissed and lv denied 34 NY3d 1090 [2020]).
We reach a similar conclusion regarding the misbehavior report dated March 9, 2020. The misbehavior report, the testimony of its author, petitioner's admission that he wrote the letter in question and the documentary evidence provide substantial evidence to support the finding of guilt (see e.g. Matter of Matthews v Annucci, 175 AD3d 1713, 1713 [2019]; Matter of Ayala v Fischer, 94 AD3d 1319, 1319 [2012]). Although petitioner is correct that the recipient of the offending letter was not on his negative correspondence list and that the order of protection in favor of the recipient had expired, the fact that petitioner was permitted to correspond with this individual did not mean that petitioner was allowed to threaten him — particularly after petitioner had been expressly instructed to refrain from such conduct. To the extent that petitioner contends that this misbehavior report was written in retaliation for a grievance that he had filed against its author, such claim presented a credibility issue for the Hearing Officer to resolve (see Matter of Kennedy v Annucci, 185 AD3d 1371, 1371-1372 [2020]; Matter of Martin v Rodriguez, 171 AD3d 1322, 1323 [2019]). Petitioner's remaining arguments, to the extent not specifically addressed, have been examined and found to be lacking in merit.
Egan Jr., J.P., Lynch, Clark, Pritzker and Reynolds Fitzgerald, JJ., concur.
ADJUDGED that the determinations are confirmed, without costs, and petition dismissed.